**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LSP TRANSMISSION HOLDINGS II, LLC, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> JAMES F. HUSTON, Chairman, Indiana Utility Regulatory Commission, et al., <br><br> *Defendants,* <br><br> NORTHERN INDIANA PUBLIC SERVICE COMPANY, et al., <br><br> *Intervenor Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:24-cv-01722-TWP-MKK |

**CASE MANAGEMENT PLAN**

## I. Parties and Representatives

A. **Plaintiffs:** LSP Transmission Holdings II, LLC;
LS Power Midcontinent, LLC;
Central Transmission, LLC; and
LS Power Grid DRS Holdings, LLC.

**Defendants:** James F. Huston, Chairman, IURC;
Wesley R. Bennett, Commissioner, IURC;
Sarah E. Freeman, Commissioner, IURC;
David E. Veleta, Commissioner, IURC; and
David E. Ziegner, Commissioner, IURC;
each in his or her official capacity.

**Intervenor
Defendants:** Northern Indiana Public Service Company;
Indianapolis Power & Light d/b/a/ AES Indnaia;
Southern Indiana Gas and Electric Company d/b/a CenterPoint
Energy Indiana South;
Duke Energy Indiana, LLC; and
Commonwealth Edison Company of Indiana, Inc.

B. **Attorneys for Plaintiffs:**

Paul D. Clement
Erin E. Murphy
Matthew D. Rowen
Joseph J. DeMott
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
Tel: (202) 742-8900
Paul.Clement@clementmurphy.com
Erin.Murphy@clementmurphy.com
Matthew.Rowen@clementmurphy.com
Joseph.DeMott@clementmurphy.com

Todd A. Richardson
James E. Zoccola
Aaron A. Schmoll
Thomas R. Jones
LEWIS KAPPES, P.C.
One American Square, Ste. 2500
Indianapolis, IN 46282
Tel: (317) 639-1210
Fax: (317) 639-1200
TRichardson@lewis-kappes.com
JZoccola@lewis-kappes.com
ASchmoll@lewis-kappes.com
TJones@lewis-kappes.com

**Attorneys for Defendants:**

Bradley S. Davis
Jade A. Poorman
Jenna M. Lorence
James A. Barta
OFFICE OF ATTORNEY GENERAL TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204
Tel: (317) 233-5601
Fax: (317) 232-7979
Bradley.Davis@atg.in.gov
Jade.Poorman@atg.in.gov
Jenna.lorence@atg.in.gov
James.Barta@atg.in.go

**Attorneys for Intervenor Defendants Northern Indiana Public Service Company ("NIPSCO"), Indianapolis Power & Light Company d/b/a AES Indiana ("AES Indiana"), Southern Indiana Gas and Electric Company d/b/a CenterPoint Energy Indiana South ("SIGECO"), and Duke Energy Indiana, LLC ("Duke Energy Indiana"):**

Misha Tseytlin
Kevin M. LeRoy
Kaitlin L. O'Donnell
Sierra C. Stockley
TROUTMAN PEPPER LOCKE LLP
227 W. Monroe St., Suite 3900
Chicago, Illinois 60606
(608) 999-1240 (MT)
(312) 759-1938 (KL)
(302) 777-6541 (KO)
(215) 981-4692 (SS)
misha.tseytlin@troutman.com
kevin.leroy@trouman.com
kaitlin.o'donnel@troutman.com
sierra.stockley@troutman.com

William R. Derasmo
TROUTMAN PEPPER LOCKE LLP
401 9th Street, N.W. Suite 1000
Washington, D.C. 20004
(202) 274-2886
william.derasmo@troutman.com

**Attorneys for Intervenor Defendant Commonwealth Edison Company of Indiana, Inc. ("ComEd Indiana"):**

Zachary C. Schauf
Ian Heath Gershengorn
Arjun R. Ramamurti
JENNER & BLOCK LLP
1099 New York Ave. N.W. Suite 900
Washington, DC 20001
(202) 639-6000
zchauf@jenner.com
igershengorn@jenner.com
aramamurti@jenner.com

Melissa Root
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
mroot@jenner.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II.    Jurisdiction and Statement of Claims

### A.    Jurisdiction

Plaintiffs' Position:

This Court has subject-matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§1331, 1332, and 1367. Plaintiffs assert claims under 42 U.S.C. §1983 and the Constitution of the United States; Plaintiffs' Indiana-law claim is so related to the federal claims that it forms part of the same Article III case or controversy. The Court also has diversity jurisdiction, as all Plaintiffs are citizens of Delaware and Missouri, while all Defendants are citizens of Indiana.

Defendants' and Intervenor Defendants' NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's, and Intervenor Defendant ComEd Indiana's Position:

This Court does not have subject-matter jurisdiction over the claims asserted in this action.  Plaintiffs purport to assert claims pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, but lack Article III standing to maintain those claims.  The Indiana Utility Regulatory Commission ("IURC") Defendants do not designate the transmission projects at issue and have no enforcement authority over the entities (*e.g.*, MISO) that do designate these projects.  Thus, IURC Defendants will not cause and cannot redress Plaintiffs' alleged harm, as Article III standing requires.

### B.    Statement of Plaintiffs' Claims:

This lawsuit challenges the constitutionality of Indiana House Enrolled Act 1420 of 2023 ("HEA 1420), which gives in-state incumbents—i.e., public utilities that already own, operate, and maintain electric transmission facilities in whole or in part in Indiana—an exclusive "right of first refusal" to construct, own, operate, and maintain *new* electric transmission facilities that are part of the *interstate* grid. Ind. Code §8-1-38-2, -9. In effect, HEA 1420 guarantees valuable business opportunities in an interstate market to a small handful of powerful Indiana

companies—to the detriment of all would-be competitors from outside Indiana. Plaintiffs are among those competitors; they develop and own electric transmission projects throughout the United States, and they aspire to compete for new MISO- or PJM-approved transmission facilities in Indiana that would be subject to competitive bidding, but for HEA 1420. Plaintiffs seek, *inter alia*, a declaration that HEA 1420 is void under the Commerce Clause and Supremacy Clause of the United States Constitution, as well as the Privileges and Immunities Clause of the Indiana Constitution, and a permanent injunction prohibiting Defendants from enforcing HEA1420.

**C.**     **Statement of Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's Defenses:**

Plaintiffs lack Article III standing to maintain their challenge to the constitutionality of HEA 1420, as set forth above.  Even if this Court had jurisdiction over Plaintiffs' claims, they would fail because HEA 1420 is not void under either the U.S. Constitution or the Indiana Constitution.  HEA 1420 gives the incumbent owner of an endpoint transmission facility a right of first refusal ("ROFR") with respect to certain new transmission projects that will connect to that facility.  Ind. Code § 8-1-38-9(a)(1).  This State's decision to distinguish between incumbent endpoint-facility owners and all other entities does not violate the U.S. Constitution's Commerce Clause for at least three reasons: (1) Congress has authorized States to enact ROFRs like HEA 1420; (2) there are material distinctions between an incumbent endpoint-facility owner and other entities, such that HEA 1420 does not trigger dormant-Commerce-Clause scrutiny; and (3) even if the dormant Commerce Clause applies, HEA 1420 is subject (at most) to the balancing test set forth in *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970), which it satisfies.  HEA 1420 is not void under the U.S. Constitution's Supremacy Clause or Indiana's Privileges and Immunities Clause for similar reasons.  Plaintiffs are not entitled to a permanent injunction prohibiting Defendants from enforcing HEA 1420, and this lawsuit should instead be dismissed in its entirety.

On or before February 4, 2025, Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana will be filing a motion to stay this matter pending the Seventh Circuit's forthcoming decision in *LSP Transmission Holdings II, LLC v. Huston*, Nos.24-3248, 24-3249 (7th Cir.), and resolution or conclusion of any proceedings at the Supreme Court of the United States.

**Statement of Defendants' Defenses:**

Plaintiffs lack Article III standing to maintain their challenge to the constitutionality of HEA 1420, as set forth. The IURC is neither the cause of Plaintiffs' purported injury nor would a permanent injunction against the IURC remedy Plaintiffs' purported harm. Moreover, Plaintiffs' claims are barred by sovereign immunity. To the extent this Court has jurisdiction over Plaintiffs'

claims, HEA 1420 is constitutional under both the U.S. and Indiana Constitutions. HEA 1420 gives incumbent electric transmission owners a limited right of first refusal for new projects that either connect to or upgrade the incumbent's existing facility. Ind. Code § 8-1-38-9(a)(1). HEA 1420 does not violate the Dormant Commerce Clause as it does not discriminate against out-of-state commerce on its face or in its effect, and easily satisfies the balancing test articulated in *Pike v. Bruce Church*, 397 U.S. 142 (1970). HEA 1420 is likewise valid under the Supremacy Clause of the U.S. Constitution and the Privileges and Immunities Clause of the Indiana Constitution. Plaintiffs are not entitled to a permanent injunction.

**Statement of ComEd Indiana's Defenses:**

Plaintiffs lack Article III standing to maintain their challenge to the constitutionality of HEA 1420. The IURC is neither the cause of Plaintiffs' purported injury nor would a permanent injunction against the IURC remedy Plaintiffs' purported harm. Moreover, Plaintiffs' claims are barred by sovereign immunity. To the extent this Court has jurisdiction over Plaintiffs' claims, HEA 1420 is constitutional under both the U.S. and Indiana Constitutions. HEA 1420 gives incumbent electric transmission owners a limited right of first refusal for new projects that either connect to or upgrade the incumbent's existing facility. Ind. Code § 8-1-38-9(a)(1). HEA 1420 does not violate the Dormant Commerce Clause as it does not discriminate against out-of-state commerce on its face or in its effect, and easily satisfies the balancing test articulated in *Pike v. Bruce Church*, 397 U.S. 142 (1970). HEA 1420 is likewise valid under the Supremacy Clause of the U.S. Constitution and the Privileges and Immunities Clause of the Indiana Constitution. Plaintiffs are not entitled to a permanent injunction.

### III. <u>Pretrial Pleadings and Disclosures</u>

A.  Plaintiffs' position is that the parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 14, 2025.** While Plaintiffs previously agreed to postpone the Initial Pretrial Conference pending the Seventh Circuit's resolution of Defendants' appeal of the district court's preliminary injunction order, the Midcontinent Independent System Operator ("MISO") subsequently filed an amicus brief in the Seventh Circuit stating that it will continue to give effect to HEA 1420, notwithstanding this Court's preliminary injunction, and will only stop giving effect to HEA 1420 when there is a *permanent* injunction and final judgment declaring HEA 1420 invalid. *See* Br. for Amicus Curiae MISO, *Huston v. NIPSCO*, Nos. 24-3248 & 24-3249 (7th Cir. Jan. 22, 2025), Dkt.81 at 17-18 & n.11. While Plaintiffs disagree with MISO's position and are preparing to challenge it before FERC, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible. Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-

judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's position is that this case should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States. Plaintiffs' proposed deadlines are unreasonable and inconsistent with the parties' prior joint request that the Initial Pretrial Conference be postponed until after the Seventh Circuit resolves the appeal and the resolution or conclusion of any proceedings at the U.S. Supreme Court. *See* Dkt.114, ¶ 6 (acknowledging that "any proposed case management plan submitted by the parties at this point would likely require significant amendments depending on the outcome of the pending appeal and any petitions for certiorari").

Defendants' position is that, absent a stay, the parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **February 14, 2025.**

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposed schedule.

B.   Plaintiffs' position is that Plaintiff(s) shall file preliminary witness and exhibit lists on or before **February 18, 2025.** While Plaintiffs previously agreed to postpone the Initial Pretrial Conference pending the Seventh Circuit's resolution of Defendants' appeal of the district court's preliminary injunction order, the Midcontinent Independent System Operator ("MISO") subsequently filed an amicus brief in the Seventh Circuit stating that it will continue to give effect to HEA 1420, notwithstanding this Court's preliminary injunction, and will only stop giving effect to HEA 1420 when there is a *permanent* injunction and final judgment declaring HEA 1420 invalid. *See* Br. for Amicus Curiae MISO, *Huston v. NIPSCO*, Nos. 24-3248 & 24-3249 (7th Cir. Jan. 22, 2025), Dkt.81 at 17-18 & n.11. While Plaintiffs disagree with MISO's position and are preparing to challenge it before FERC, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible. Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's position is that this case should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States.

Plaintiffs' proposed deadlines are unreasonable and inconsistent with the parties' prior joint request that the Initial Pretrial Conference be postponed until after the Seventh Circuit resolves the appeal and the resolution or conclusion of any proceedings at the U.S. Supreme Court. *See* Dkt.114, ¶ 6 (acknowledging that "any proposed case management plan submitted by the parties at this point would likely require significant amendments depending on the outcome of the pending appeal and any petitions for certiorari").

Defendants' position is that, absent a stay, Plaintiff(s) shall file preliminary witness and exhibit lists on or before **February 18, 2025.**

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposed schedule.

C.  Plaintiffs' position is that Defendant(s) shall file preliminary witness and exhibit lists on or before **February 21, 2025.** While Plaintiffs previously agreed to postpone the Initial Pretrial Conference pending the Seventh Circuit's resolution of Defendants' appeal of the district court's preliminary injunction order, the Midcontinent Independent System Operator ("MISO") subsequently filed an amicus brief in the Seventh Circuit stating that it will continue to give effect to HEA 1420, notwithstanding this Court's preliminary injunction, and will only stop giving effect to HEA 1420 when there is a *permanent* injunction and final judgment declaring HEA 1420 invalid. *See* Br. for Amicus Curiae MISO, *Huston v. NIPSCO*, Nos. 24-3248 & 24-3249 (7th Cir. Jan. 22, 2025), Dkt.81 at 17-18 & n.11. While Plaintiffs disagree with MISO's position and are preparing to challenge it before FERC, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible. Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's position is that this case should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States. Plaintiffs' proposed deadlines are unreasonable and inconsistent with the parties' prior joint request that the Initial Pretrial Conference be postponed until after the Seventh Circuit resolves the appeal and the resolution or conclusion of any proceedings at the U.S. Supreme Court. *See* Dkt.114, ¶ 6 (acknowledging that "any proposed case management plan submitted by the parties at this point would likely require significant amendments depending on the outcome of the pending appeal and any petitions for certiorari").

Defendants' position is that, absent a stay, Defendant(s) shall file preliminary witness and exhibit lists on or before **February 25, 2025.**

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposed schedule.

D.    Plaintiffs' position is that all motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **March 3, 2025.** While Plaintiffs previously agreed to postpone the Initial Pretrial Conference pending the Seventh Circuit's resolution of Defendants' appeal of the district court's preliminary injunction order, the Midcontinent Independent System Operator ("MISO") subsequently filed an amicus brief in the Seventh Circuit stating that it will continue to give effect to HEA 1420, notwithstanding this Court's preliminary injunction, and will only stop giving effect to HEA 1420 when there is a *permanent* injunction and final judgment declaring HEA 1420 invalid. *See* Br. for Amicus Curiae MISO, *Huston v. NIPSCO*, Nos. 24-3248 & 24-3249 (7th Cir. Jan. 22, 2025), Dkt.81 at 17-18 & n.11. While Plaintiffs disagree with MISO's position and are preparing to challenge it before FERC, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible. Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's position is that this case should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States. Plaintiffs' proposed deadlines are unreasonable and inconsistent with the parties' prior joint request that the Initial Pretrial Conference be postponed until after the Seventh Circuit resolves the appeal and the resolution or conclusion of any proceedings at the U.S. Supreme Court. *See* Dkt.114, ¶ 6 (acknowledging that "any proposed case management plan submitted by the parties at this point would likely require significant amendments depending on the outcome of the pending appeal and any petitions for certiorari").

Defendants' position is that, absent a stay, all motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **March 3, 2025.**

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposed schedule.

E.  Not applicable.

F.  Plaintiffs' position is that, except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **February 28, 2025.** Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 28, 2025**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **March 28, 2025.** While Plaintiffs previously agreed to postpone the Initial Pretrial Conference pending the Seventh Circuit's resolution of Defendants' appeal of the district court's preliminary injunction order, the Midcontinent Independent System Operator ("MISO") subsequently filed an amicus brief in the Seventh Circuit stating that it will continue to give effect to HEA 1420, notwithstanding this Court's preliminary injunction, and will only stop giving effect to HEA 1420 when there is a *permanent* injunction and final judgment declaring HEA 1420 invalid. *See* Br. for Amicus Curiae MISO, *Huston v. NIPSCO*, Nos. 24-3248 & 24-3249 (7th Cir. Jan. 22, 2025), Dkt.81 at 17-18 & n.11. While Plaintiffs disagree with MISO's position and are preparing to challenge it before FERC, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible. Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's position is that this case should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States. Plaintiffs' proposed deadlines are unreasonable and inconsistent with the parties' prior joint request that the Initial Pretrial Conference be postponed until after the Seventh Circuit resolves the appeal and the resolution or conclusion of any proceedings at the U.S. Supreme Court. *See* Dkt.114, ¶ 6 (acknowledging that "any proposed case management plan submitted by the parties at this point would likely require significant amendments depending on the outcome of the pending appeal and any petitions for certiorari").

Defendants' position is that, absent a stay, and except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the

11

following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **July 3, 2025.** Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **August 2, 2025**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **August 2, 2025.**

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposed schedule.

G.     Plaintiffs' position is that, notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **30 days** prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

While Plaintiffs previously agreed to postpone the Initial Pretrial Conference pending the Seventh Circuit's resolution of Defendants' appeal of the district court's preliminary injunction order, the Midcontinent Independent System Operator ("MISO") subsequently filed an amicus brief in the Seventh Circuit stating that it will continue to give effect to HEA 1420, notwithstanding this Court's preliminary injunction, and will only stop giving effect to HEA 1420 when there is a *permanent* injunction and final judgment declaring HEA 1420 invalid.  *See* Br. for Amicus Curiae MISO, *Huston v. NIPSCO*, Nos. 24-3248 & 24-3249 (7th Cir. Jan. 22, 2025), Dkt.81 at 17-18 & n.11.  While Plaintiffs disagree with MISO's position and are preparing to challenge it before FERC, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible.  Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's position is that this case should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States.

Plaintiffs' proposed deadlines are unreasonable and inconsistent with the parties' prior joint request that the Initial Pretrial Conference be postponed until after the Seventh Circuit resolves the appeal and the resolution or conclusion of any proceedings at the U.S. Supreme Court. *See* Dkt.114, ¶ 6 (acknowledging that "any proposed case management plan submitted by the parties at this point would likely require significant amendments depending on the outcome of the pending appeal and any petitions for certiorari").

Defendants' position is that, absent a stay, and notwithstanding the provisions of paragraph (F) above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days** prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposed schedule.

H.   Plaintiffs' position is that any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **120 days before trial**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1 or an order of this Court. While Plaintiffs previously agreed to postpone the Initial Pretrial Conference pending the Seventh Circuit's resolution of Defendants' appeal of the district court's preliminary injunction order, the Midcontinent Independent System Operator ("MISO") subsequently filed an amicus brief in the Seventh Circuit stating that it will continue to give effect to HEA 1420, notwithstanding this Court's preliminary injunction, and will only stop giving effect to HEA 1420 when there is a *permanent* injunction and final judgment declaring HEA 1420 invalid. *See* Br. for Amicus Curiae MISO, *Huston v. NIPSCO*, Nos. 24-3248 & 24-3249 (7th Cir. Jan. 22, 2025), Dkt.81 at 17-18 & n.11. While Plaintiffs disagree with MISO's position and are preparing to challenge it before FERC, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible. Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-judgment briefing begin

promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's position is that this case should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States. Plaintiffs' proposed deadlines are unreasonable and inconsistent with the parties' prior joint request that the Initial Pretrial Conference be postponed until after the Seventh Circuit resolves the appeal and the resolution or conclusion of any proceedings at the U.S. Supreme Court. *See* Dkt.114, ¶ 6 (acknowledging that "any proposed case management plan submitted by the parties at this point would likely require significant amendments depending on the outcome of the pending appeal and any petitions for certiorari").

Defendants' position is that, absent a stay, any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **120 days before trial**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1 or an order of this Court.

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposed schedule.

I.    Plaintiffs' position is that all parties shall file and serve their final witness and exhibit lists on or before **90 days before trial**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony. While Plaintiffs previously agreed to postpone the Initial Pretrial Conference pending the Seventh Circuit's resolution of Defendants' appeal of the district court's preliminary injunction order, the Midcontinent Independent System Operator ("MISO") subsequently filed an amicus brief in the Seventh Circuit stating that it will continue to give effect to HEA 1420, notwithstanding this Court's preliminary injunction, and will only stop giving effect to HEA 1420 when there is a *permanent* injunction and final judgment declaring HEA 1420 invalid. *See* Br. for Amicus Curiae MISO, *Huston v. NIPSCO*, Nos. 24-3248 & 24-3249 (7th Cir. Jan. 22, 2025), Dkt.81 at 17-18 & n.11. While Plaintiffs disagree with MISO's position and are preparing to challenge it before FERC, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible. Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation

14

and respectfully request that discovery move forward immediately and summary-judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's position is that this case should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States. Plaintiffs' proposed deadlines are unreasonable and inconsistent with the parties' prior joint request that the Initial Pretrial Conference be postponed until after the Seventh Circuit resolves the appeal and the resolution or conclusion of any proceedings at the U.S. Supreme Court.  *See* Dkt.114, ¶ 6 (acknowledging that "any proposed case management plan submitted by the parties at this point would likely require significant amendments depending on the outcome of the pending appeal and any petitions for certiorari").

Defendants' position is that, absent a stay, all parties shall file and serve their final witness and exhibit lists on or before **90 days before trial**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposed schedule.

J.      Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.      Discovery of electronically stored information ("ESI").  The parties do not believe that a substantial volume of ESI will be produced in this case. The parties agree that all discovery shall be formatted for database import and produced electronically. Submissions shall include images, extracted text, and import files (DAT/OPT). Bates numbers must be assigned to each page, and color images provided as necessary to understand content. Electronic documents which cannot be converted to images (spreadsheets, multimedia, etc.) will be produced in native format and assigned one Bates number. Paper scanning must be performed in a manner which preserves records as maintained (order, document boundaries, relationships, etc.). DAT file entries shall include Bates numbers, document relationships, text + native links, and metadate fields. Document relationships will be represented by fields BegAttach and EndAttach. To the extent the following information exists, document metadata must include but is not limited to Custodian, File Path, File Name, Author, Created Date/Time, Last Modified

Date/Time, Subject, From, To, CC, BCC, Sent Date/Time, and Received Date/Time.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

A. Based upon facts and information available at this time, and without waiving any rights, Plaintiffs believe their claims will be appropriately resolved through summary judgment. The factual and legal bases for Plaintiffs' forthcoming motion for summary judgment are detailed in Plaintiffs' Complaint (Dkt.3) and Plaintiffs' submissions in support of its Motion for Preliminary Injunction (Dkt.5; Dkt.58). Moreover, as explained, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible. Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana believe that they are entitled to summary judgment, and so intend to file a cross-motion for summary judgment seeking a final judgment in their favor. Intervenor Defendants further believe that, to the extent this Court disagrees that Intervenor Defendants are entitled to summary judgment, Plaintiffs will be unable to succeed on their claims without a trial. The factual and legal bases for Intervening Defendants' cross-motion for summary judgment are set forth in large

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

part in Intervening Defendants' Response in Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt.60), although Intervenor Defendants reserve their right to raise additional arguments following discovery in this matter. All that said, Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana will be filing a motion to stay this matter pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States.

Defendants believe that they are entitled to summary judgment and intend to file a cross-motion for summary judgment seeking final judgment in their favor. The factual and legal basis for Defendants' cross-motion for summary judgment are set forth in large part in Defendants Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction (Dkt.45), although Defendants reserve the right to raise additional arguments following discovery in this matter.

Intervenor Defendant ComEd Indiana believes it is entitled to summary judgment and intends to file a cross-motion for summary judgment seeking final judgment in its favor.

B. Plaintiffs' position is that on or before **September 30, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. Moreover, as explained, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible. Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana's position is that this case should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States.

Defendants' position is that, absent a stay, on or before **September 1, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposal.

17

C.      Select the track that best suits this case:

       Track 1: No dispositive motions are anticipated.  All discovery shall be completed by         [no later than 16 months from Anchor Date].

**__X__ Track 2:** Plaintiffs' position is that dispositive motions are expected and shall be filed no more than **28 days after the Seventh Circuit issues a decision resolving the pending appeal of this Court's preliminary injunction**; non-expert witness discovery and discovery relating to liability issues shall be completed by **September 30, 2025**; expert witness discovery and discovery relating to damages shall be completed by **September 30, 2025**. All remaining discovery shall be completed by no later than 16 months from Anchor Date. Moreover, as explained, Plaintiffs have a strong interest in obtaining a final judgment that HEA 1420 is invalid as expeditiously as possible.  Plaintiffs therefore oppose Intervenor Defendants' forthcoming motion to stay the litigation and respectfully request that discovery move forward immediately and summary-judgment briefing begin promptly after the Seventh Circuit issues its forthcoming decision in the pending appeal of the preliminary injunction order.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana agree that Track 2 best suits this case, but believe that this matter should be stayed pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States. Plaintiffs' proposed deadlines are unreasonable and inconsistent with the parties' prior joint request that the Initial Pretrial Conference be postponed until after the Seventh Circuit resolves the appeal and the resolution or conclusion of any proceedings at the U.S. Supreme Court.  *See* Dkt.114, ¶ 6 (acknowledging that "any proposed case management plan submitted by the parties at this point would likely require significant amendments depending on the outcome of the pending appeal and any petitions for certiorari").

Defendants' position is that, absent a stay, dispositive motions are expected and shall be filed by **October 1, 2025**[2]; non-expert witness discovery and discovery relating to liability issues shall be completed by **January 30, 2026** ; expert

---

[2] As the parties have indicated they intend to file cross-motions for summary judgment, Defendants propose the following four part briefing schedule: Plaintiffs shall file their brief in support of their motion for summary judgment on October 1, 2025. Defendants and Intervenor-Defendants shall file their responses and briefs in support of their cross motions for summary judgment on October 31, 2025. Plaintiffs shall file their reply in support and response to Defendants' and Intervenor-Defendants' motions for summary judgment on November 30, 2025. And Defendants and Defendant-Intervenors shall file their replies in support of summary judgment on December 30, 2025.

witness discovery and discovery relating to damages shall be completed by **January 30, 2026**. All remaining discovery shall be completed by no later than 16 months from Anchor Date.

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; absent a stay, ComEd Indiana agrees with Defendants' proposed schedule.

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V.      **Pre-Trial/Settlement Conferences**

Given the nature of Plaintiffs' claims, the parties do not believe this case can be resolved through mediation or a pretrial settlement conference.

## VI.     **Trial Date**

Plaintiffs believe that their claims are likely to be adjudicated through dispositive motion practice, and so are not requesting the Court set this matter for trial at this time.

Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana will be filing a motion to stay this matter pending the Seventh Circuit's forthcoming decision in *LSP Transmission*, Nos.24-3248, 24-3249, and resolution or conclusion of any proceedings at the Supreme Court of the United States, and so request that this Court not enter any case scheduling deadlines or set this matter for trial at this time.

Defendants believe that their claims are likely to be adjudicated through dispositive motion practice, and so are not requesting the Court set this matter for trial at this time.

Intervenor Defendant ComEd Indiana's position is that the stay sought by Intervenor Defendants NIPSCO, AES Indiana, SIGECO, and Duke Energy Indiana should be granted; regardless, ComEd Indiana agrees with Defendants that their claims are likely to be adjudicated through dispositive motion practice, and so are not requesting the Court set this matter for trial at this time.

## VII. Referral to Magistrate Judge

A.  **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.  **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

## VIII. Required Pre-Trial Preparation

A.  **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.  File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.  Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.  Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.  A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

    a.  brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

    b.  if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the

portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. <u>Other Matters</u>

Not applicable.

/s/ Thomas R. Jones  
Paul D. Clement  
Erin E. Murphy  
Matthew D. Rowen  
Joseph J. DeMott  
CLEMENT & MURPHY, PLLC  
706 Duke Street  
Alexandria, VA 22314  
Tel: (202) 742-8900  
Paul.Clement@clementmurphy.com  
Erin.Murphy@clementmurphy.com  
Matthew.Rowen@clementmurphy.com  
Joseph.DeMott@clementmurphy.com  

Todd A. Richardson  
James E. Zoccola  
Aaron A. Schmoll  
Thomas R. Jones  
LEWIS KAPPES, P.C.  
One American Square, Ste. 2500  
Indianapolis, IN 46282  
Tel: (317) 639-1210  
Fax: (317) 639-1200  
TRichardson@lewis-kappes.com  
JZoccola@lewis-kappes.com  
ASchmoll@lewis-kappes.com  
TJones@lewis-kappes.com  

*Counsel for Plaintiffs*

/s/ Bradley S. Davis (w/ permission)  
Bradley S. Davis  
Jade A. Poorman  
Jenna M. Lorence  
James A. Barta  
OFFICE OF ATTORNEY GENERAL TODD ROKITA  
Indiana Government Center South, 5th Floor  
302 West Washington Street  
Indianapolis, IN 46204  
Tel: (317) 233-5601  
Fax: (317) 232-7979  
Bradley.Davis@atg.in.gov  
Jade.Poorman@atg.in.gov  
Jenna.lorence@atg.in.gov  
James.Barta@atg.in.go  

*Counsel for Defendants Indiana Utility Regulatory Commission Chairman James F. Huston and Commissioners Wesley R. Bennett, Sarah E. Freeman, David E. Veleta, and David E. Ziegner, each in their official capacities.*

*/s/ Zachary C. Schauf (w/ permission)*
Zachary C. Schauf
Ian Heath Gershengorn
Arjun R. Ramamurti
JENNER & BLOCK LLP
1099 New York Ave. N.W. Suite 900
Washington, DC 20001
(202) 639-6000
zchauf@jenner.com
igershengorn@jenner.com
aramamurti@jenner.com

Melissa Root
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350
mroot@jenner.com


*Counsel for Intervenor Defendant
Commonwealth Edison
Company of Indiana, Inc.*

*/s/ Misha Tseytlin (w/ permission)*
Misha Tseytlin
Kevin M. LeRoy
Kaitlin L. O'Donnell
Sierra C. Stockley
TROUTMAN PEPPER LOCKE LLP
227 W. Monroe St., Suite 3900
Chicago, Illinois 60606
(608) 999-1240 (MT)
(312) 759-1938 (KL)
(302) 777-6541 (KO)
(215) 981-4692 (SS)
misha.tseytlin@troutman.com
kevin.leroy@trouman.com
kaitlin.o'donnel@troutman.com
sierra.stockley@troutman.com

William R. Derasmo
TROUTMAN PEPPER LOCKE LLP
401 9th Street, N.W. Suite 1000
Washington, D.C. 20004
(202) 274-2886
william.derasmo@trouman.com


*Counsel for Intervenor Defendants Northern
Indiana Public Service Company, Indianapolis
Power & Light Company d/b/a AES Indiana,
Southern Indiana Gas and Electric Company
d/b/a CenterPoint Energy Indiana South, and
Duke Energy Indiana, LLC*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | A TELEPHONIC STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M. BEFORE MAGISTRATE JUDGE _____. THE INFORMATION NEEDED TO PARTICIPATE IN THIS TELEPHONE CONFERENCE WILL BE PROVIDED BY A SEPARATE NOTIFICATION. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____.M.  COUNSEL SHALL APPEAR: <br><br> _____ IN PERSON IN ROOM _____; OR <br><br> _____ BY TELEPHONE, CALL-IN INFORMATION TO BE PROVIDED BY SEPRATE ORDER; OR <br><br> _____ BY VIDEO, LINK TO BE PROVIDED BY SEPRATE ORDER |
| | NON-EXPERT AND LIABILITY DISCOVERY SHALL BE COMPLETED BY _____ |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**