Troutman Pepper Locke LLP
111 S. Wacker Drive, Suite 4100
Chicago, IL 60606

troutman.com

**Misha Tseytlin**
D 312.759.5947
misha.tseytlin@troutman.com

March 17, 2025

**VIA ECF**

The Honorable Tanya Walton Pratt
Chief Judge Of The U.S. District Court
For The Southern District Of Indiana
U.S. District Court, Clerk's Office, Room 105
46 East Ohio Street
Indianapolis, IN 46204

**Re:** *LSP Transmission Holdings II, LLC et al. v. Huston et al.*,
1:24-cv-01722-TWP-MKK (S.D. Ind.)

Dear Chief Judge Pratt:

Intervenor Defendants[*] in the above-captioned case write to inform the Court of the Seventh Circuit's decision on Defendants' and Intervenor Defendants' appeals of this Court's grant of Plaintiffs' preliminary-injunction motion, which decision the Seventh Circuit announced in an Opinion issued March 13, 2025. (A copy of the Seventh Circuit's Opinion is enclosed with this letter.) As the Opinion explains, the Seventh Circuit has vacated this Court's preliminary injunction and remanded to this Court for further proceedings, concluding that "[P]laintiffs lacked standing to seek the preliminary injunction here." Opinion ("Op.") at 31, *LSP Transmission Holdings II, LLC v. Huston*, No.24-3248, Dkt.100 (7th Cir. Mar. 13, 2025).

Intervenor Defendants respectfully continue to believe that this Court should stay all proceedings, *see* Dkt.118, in the interest of judicial and litigant economy, for two separate reasons.

*First*, while the Seventh Circuit has vacated this Court's award of preliminary-injunctive relief to Plaintiffs, Plaintiffs still have the opportunity to seek further appellate review of that decision by petitioning for panel or en banc rehearing before the Seventh Circuit itself, Fed. R. App. P. 40, and/or by petitioning for a writ of certiorari from the Supreme Court, 28 U.S.C. § 1254. Plaintiffs have 14 days from the date of the Seventh Circuit's decision to petition the Seventh Circuit for rehearing, under the default rules. Fed. R. App. P. 40(d)(1). Plaintiffs have 90 days either from the date of the Seventh Circuit's decision or from the date of any denial by the Seventh Circuit of a petition for rehearing from Plaintiffs in which to seek certiorari review from the Supreme Court, under the default rules. Sup. Ct. R. 13.1, 13.3. This Court staying all further proceedings until Plaintiffs have exhausted these opportunities to seek further review of the Seventh Circuit's

---

[*] Intervenor Defendants are Northern Indiana Public Service Company, Indianapolis Power & Light Company d/b/a AES Indiana, Southern Indiana Gas and Electric Company d/b/a CenterPoint Energy Indiana South, and Duke Energy Indiana, LLC.

decision would best utilize both this Court's and the parties' resources, as such further review could provide significant guidance for this litigation—including by limiting the issues in dispute or even by directing the dismissal of this lawsuit entirely.

*Second*, if Plaintiffs indicate that they do not intend to seek further appellate review of the Seventh Circuit's decision (or, alternatively, if they do intend to seek further review but this Court would otherwise be inclined to move forward with this case during that review), Intervenor Defendants intend to move this Court to dismiss this case for lack of subject-matter jurisdiction, based on Plaintiffs' lack of Article III standing to seek any relief, in light of the Seventh Circuit's reasoning. *See, e.g.*, *Flynn v. FCA US LLC,* 39 F.4th 946, 950 (7th Cir. 2022) (affirming grant of motion to dismiss for lack of standing under Fed. R. Civ. P.12(b)(1), filed after defendants had answered); Fed. R. Civ. P.12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Although the Seventh Circuit declined to reach "any conclusion about whether plaintiffs would have standing to seek a permanent injunction against [Defendants the Commissioners of the Indiana Utilities Regulatory Commission ('IURC')] under a theory that [the Midcontinent Independent System Operator ('MISO')] would feel itself bound by a final judgment treating [House Enrolled Act ('HEA')] 1420 as unconstitutional," Op.29, Intervenor Defendants respectfully submit that the Seventh Circuit's Opinion announced several propositions that necessarily lead to the conclusion that Plaintiffs lack Article III standing here—including that "the IURC simply has no statutory duty to *enforce* the rights of first refusal established under HEA 1420," Op.21; that "enjoining the IURC Commissioners from enforcing HEA 1420 therefore cannot redress or prevent plaintiffs' harm," Op.15; and that, while the effect of a "federal injunction" is to "prevent[ ] state officials from enforcing the challenged statute," "the law" at issue remains on the books," Op.26 (quoting *Driftless Area Land Conservancy v. Valcq,* 16 F.4th 508, 522 (7th Cir. 2021)).  This Court staying this case until it adjudicates a motion to dismiss for lack of jurisdiction from Intervenor Defendants would significantly serve judicial and litigant economy, as a grant of that motion would end this litigation without need for any further proceedings.

Sincerely,

/s/Misha Tseytlin
Misha Tseytlin

cc: All Counsel Record (via ECF)