# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LSP Transmission Holdings II, LLC, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> James F. Huston, Chairman, Indiana Utility Regulatory Commission, et al., <br><br> *Defendants*, <br><br> Northern Indiana Public Service Company, et al., <br><br> *Intervenor Defendants*. | Case No. 1:24-cv-01722-TWP-MKK |

## PLAINTIFFS' MOTION TO RECONSIDER STAY ORDER

Plaintiffs LSP Transmission Holdings II, LLC, LS Power Midcontinent, LLC, Central Transmission, LLC, and LS Power Grid DRS Holdings, LLC, through counsel, respectfully move for reconsideration of the March 19, 2025 Order (Dkt.131) granting Intervenor-Defendants' Motion to Stay (Dkt.118).  Plaintiffs have made a firm determination not to seek further appellate review of the Seventh Circuit's March 13, 2025 decision.  Accordingly, a stay until the period for seeking such further review expires is unnecessary and inappropriate. Plaintiffs therefore request that the ordered stay be lifted, so that the remand proceedings directed by the Seventh Circuit can be conducted expeditiously and efficiently.

In support of this motion, Plaintiffs state:

1. The appeal decided by the Seventh Circuit arose from a Preliminary Injunction entered by Chief Judge Pratt on December 6, 2024 (Dkt.70, 71).  While that appeal was pending,

Intervenor-Defendants filed a Motion to Stay, seeking a stay of proceedings at the District Court "pending the Seventh Circuit's forthcoming decision . . . and the resolution or conclusion of any proceedings at the U.S. Supreme Court."  Dkt.118 at 2.

2.     Plaintiffs opposed the Motion to Stay, emphasizing their "strong interest in obtaining a final judgment that HEA 1420 is invalid as quickly as possible."  Dkt.123 at 7.  As Plaintiffs explained, the Midcontinent Independent System Operator ("MISO"), which administers the award and assignment of transmission projects at issue in this litigation, filed an amicus brief in the then-pending appeal.  MISO took the position that a preliminary injunction would not impact the status of HEA 1420 as "Applicable Law" under the MISO tariff, but a final judgment holding HEA 1420 unconstitutional *would* render HEA 1420 inapplicable.  *Id.*

3.     On March 13, 2025, the Seventh Circuit rendered its decision.  *See LSP Transmission Holdings II, LLC v. Huston*, No. 24-3248, Dkt.100 (7th Cir. March 13, 2025).  The majority opinion found that Plaintiffs lacked standing for purposes of a preliminary injunction, in light of MISO's stated position that only a final judgment would render HEA 1420 inapplicable for purposes of awarding and assigning transmission projects in Indiana.  *Id.* at 21-31.  At the same time, the majority opinion held Plaintiffs *may* have standing to seek a permanent injunction and declaration of unconstitutionality through a final judgment.  *Id.* at 29 ("To be clear, we do not intend to imply any conclusion about whether plaintiffs would have standing to seek a permanent injunction against the IURC Commissioners under a theory that MISO would feel itself bound by a final judgment treating HEA 1420 as unconstitutional.").  On that basis, the Seventh Circuit did not direct the dismissal of this case, but instead "remanded for further proceedings consistent with this opinion."  *Id.* at 31.

4.      Circuit Judge Scudder dissented from the majority opinion, agreeing with Chief Judge Pratt that Plaintiffs did have standing to seek a preliminary injunction. *Id.* at 33-44.  In addition, unlike the majority opinion, the dissent addressed the merits of the constitutional challenge, finding that "HEA 1420 facially discriminates against interstate commerce" and "fails to satisfy strict scrutiny." *Id.* at 44.  *See also id.* at 48 ("I would hold that HEA 1420 violates the dormant dimension of the Commerce Clause.").  Notably, the majority opinion did not address the merits and hence did not take issue with Judge Scudder's analysis of the constitutional challenge.  *Id.* at 38 ("in resolving the appeal on standing grounds, the majority never reaches the merits of LSP's constitutional challenge to HEA 1420").

5.      On March 17, 2025, by letter to Chief Judge Pratt, counsel for Intervenor-Defendants provided notice of the Seventh Circuit's decision and presented additional argument regarding the pending Motion to Stay.  Dkt.129.  That letter emphasized that Plaintiffs "still have the opportunity to seek further appellate review" through a petition for rehearing, rehearing en banc, or writ of certiorari, arguing for a stay "until Plaintiffs have exhausted these opportunities to seek further review of the Seventh Circuit's decision." *Id.* at 1-2.  The letter further stated that "if Plaintiffs indicate that they do not intend to seek further appellate review," then Intervenor-Defendants would file a motion to dismiss at the District Court. *Id.* at 2.

6.      On March 20, 2025, also by letter to Chief Judge Pratt, Plaintiffs responded to the positions raised by Intervenor-Defendants.  Dkt.130 (a copy of which is attached hereto as Exhibit 1).  As contemplated in Intervenor-Defendants' letter, Plaintiffs stated unequivocally: "Plaintiffs respectfully inform the Court that they do not intend to seek further review of the Seventh Circuit's decision, which effectively moots Intervenor Defendants' pending motion for a stay." *Id.* at 1.  Plaintiffs further explained that, subsequent to the amicus brief filed at the

3

Seventh Circuit, MISO expressly clarified that it would indeed "interpret its Tariff to preclude it from giving effect to HEA 1420 if a federal court were to issue a *final* judgment on the merits declaring that law unconstitutional."[1]  *Id.* at 2.  On that basis, and in light of the constitutional analysis in Judge Scudder's dissent, Plaintiffs stated they plan to file a summary judgment motion in the coming weeks.  *Id*.

7.  Less than one hour after Plaintiffs' responsive letter was filed, the Order granting the Motion to Stay was docketed.  Dkt.131.  It is apparent that the Order was entered without the benefit of the additional information included in Plaintiffs' March 20, 2025 letter, as the Order is dated March 19, 2025, although it was not docketed until late on March 20th.

8.  The Order calls for a stay pending a status report after "the expiration of Plaintiffs' time to appeal the Seventh Circuit's decision."  *Id.*  However, as stated in Plaintiffs' March 20, 2025 responsive letter, Plaintiffs "do not intend to seek further review of the Seventh Circuit's decision."  Dkt.130 at 1.  That intent is confirmed by the Declaration of Ronald Fischer (attached hereto as Exhibit 2).  Intervenor-Defendants expressly contemplated that Plaintiffs may "indicate that they do not intend to seek further appellate review of the Seventh Circuit's decision," in which case Intervenor-Defendants would proceed with the remand by filing a motion to dismiss at the District Court.  Dkt.129 at 2.  That is the present status: Plaintiffs have stated they are not seeking further appellate review of the Seventh Circuit's decision, both parties plan to file dispositive motions, and therefore proceeding with the remand is timely.

9.  Plaintiffs continue to have a strong interest in securing an expeditious final judgment resolving the constitutional challenge to HEA 1420.  MISO has taken the position that

---

[1] Motion to Dismiss or, in the Alternative, Motion for Leave to Respond and Answer of MISO at 8, *LSP Transmission Holdings II, LLC v. MISO, Inc.*, No. EL25-55-000 (FERC Mar. 19, 2025), https://tinyurl.com/4rsearue (emphasis added); accord Amicus Br. of MISO, CA7.Dkt.81 at 17-18 & n.11 (Jan. 22, 2025).

a preliminary injunction does not bar application of HEA 1420 in the award and assignment of transmission projects in Indiana, but a final judgment holding HEA 1420 unconstitutional would render that statute inapplicable for that purpose.  In addition, both MISO and PJM continue to plan additional regional transmission projects in Indiana beyond just MISO's Tranche 2.1 portfolio.  The Seventh Circuit remanded for further proceedings, and Plaintiffs seek to proceed with the remand without unnecessary delay.

10. Conversely, Intervenor-Defendants would not suffer any undue prejudice from the resumption of litigation on the merits on remand.  The parties plan to file concurrent dispositive motions: a motion to dismiss from Intervenor-Defendants and a motion for summary judgment by Plaintiffs.  Intervenor-Defendants' anticipated motion to dismiss on jurisdictional grounds should not require discovery.  As for the planned summary judgment motion, Plaintiffs served a round of written discovery requests on all Defendants more than a month before the Order granting the stay.  Dkt.123-1.  The scope of that discovery is not excessive and Defendants have been preparing their responses for over a month already.  It would not be unduly burdensome for Defendants to complete their responses, posturing the case for cross-motions seeking final judgment.

11. In connection with the preparation of this Motion to Reconsider, counsel for Plaintiffs contacted counsel for all Defendants to determine whether there is any opposition to the requested relief.  Counsel for all Defendants and Intervenor-Defendants indicated an intent to oppose this Motion.

WHEREFORE, Plaintiffs respectfully submit that, in light of Plaintiffs' determination not to pursue further appellate review of the Seventh Circuit's decision, the Order granting the motion to stay should be reconsidered, the ordered stay should be lifted, and proceedings on remand should commence without further delay.

Dated: March 21, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Todd A. Richardson* | |
| Todd A. Richardson | Paul D. Clement |
| James E. Zoccola | Erin E. Murphy |
| Aaron A. Schmoll | Matthew D. Rowen |
| Thomas R. Jones | Joseph J. DeMott |
| Lewis Kappes, P.C. | Clement & Murphy, PLLC |
| One American Square, Ste. 2500 | 706 Duke Street |
| Indianapolis, IN 46282 | Alexandria, VA 22314 |
| Tel: (317) 639-1210 | Tel: (202) 742-8900 |
| Fax: (317) 639-1200 | Paul.Clement@clementmurphy.com |
| TRichardson@lewis-kappes.com | Erin.Murphy@clementmurphy.com |
| JZoccola@lewis-kappes.com | Matthew.Rowen@clementmurphy.com |
| ASchmoll@lewis-kappes.com | Joseph.DeMott@clementmurphy.com |
| TJones@lewis-kappes.com | |

*Counsel for Plaintiffs*