UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LSP TRANSMISSION HOLDINGS II, LLC, et al.,  )<br>  )<br>   *Plaintiffs*,  )<br>  )<br>  v.  )<br>  )<br>JAMES F. HUSTON, Chairman, Indiana Utility )<br>Regulatory Commission, et al.,  )<br>  )<br>  *Defendants,*  )<br>  )<br>NORTHERN INDIANA PUBLIC SERVICE )<br>COMPANY, et al.,  )<br>  )<br>  *Intervenor Defendants.*  )<br>  ) | Case No. 1:24-cv-01722-TWP-MKK |

## DEFENDANTS' POSITION STATEMENT REGARDING CONDUCT OF REMAND PROCEEDINGS

Defendants, in their official capacities, by counsel, submit this Position Statement pursuant to the Court's April 7, 2025 Order, Dkt. 135, regarding the status of the case and the conduct of proceedings on remand from the Seventh Circuit. The case is stayed pending the completion of appellate proceedings. Dkt. 131. Plaintiffs have moved to lift the stay, Dkt. 132, and both Defendants and Intervenor-Defendants oppose that motion. Dkt. 132; Dkt. 134.

Defendants do not oppose continuing the stay pending the resolution of motions to dismiss because it would conserve judicial and party resources. It would ensure that any threshold jurisdictional issues are resolved before the parties engage in discovery, including expert discovery, and file motions for summary judgment. If the Court does not continue the stay pending resolution of jurisdictional motions, however, this matter should proceed according to the timeline established by the Case Management Plan. Dkt. 122. In support of their position, Defendants state:

1

1.      On December 6, 2024, the Court entered a preliminary injunction "prohibiting the Chair and Commissioners of the Indiana Utility Regulatory Commission, their agents, servants, and employees, and persons acting in concert or participation with them, from enforcing the rights of first refusal of Indiana Code § 8-1-38-9." Dkt. 70 at 22. Both the Defendants and the Intervenor-Defendants appealed this Court's preliminary injunction. Dkt. 75; Dkt. 79, Dkt. 103. While that appeal was pending, the parties, Plaintiffs included, jointly moved to continue the initial pretrial conference, scheduled for January 30, 2025, through resolution of the appeal before the Seventh Circuit and the conclusion of any further appellate proceedings. Dkt. 114. The Court denied the joint motion, in part, and invited the parties to submit a motion to stay the case pending resolution of appellate proceedings. Dkt. 115.

2.      During Defendants' and Intervenor-Defendant's appeal of the preliminary injunction, the Seventh Circuit solicited an amicus brief from the Midcontinent Independent Systems Operator ("MISO") on whether MISO would adhere to any court orders and judgments addressing the constitutionality of HEA 1420. MISO submitted its amicus brief on January 22, 2025. Brief for Amicus Curiae Midcontinent Independent System Operator, Inc., *LSP Transmission Holdings II, LLC v. Huston*, 131 F.4th 566 (7th Cir. 2025). MISO informed the Seventh Circuit that, because it is a non-party, MISO did not consider the preliminary injunction to have any impact or effect on MISO's planning process. *Id.* at 5. MISO added that even if the IURC is preliminary enjoined from enforcing it, MISO still considered HEA 1420 to be an "Applicable Law" under its FERC-approved tariff. *Id.* MISO further indicated that it had already announced and assigned which Tranche 2.1 projects would be open to competitive bidding and which were subject to state rights of first refusal. *Id.* at 20. MISO explained that project assignments were done consistently with its tariff and that the filed-rate doctrine generally only

allows MISO to make prospective changes to its tariff. *Id.* Therefore, MISO indicated it would not retroactively alter its prior Tranche 2.1 assignments and other planning decisions. *Id.*

  3. Following MISO's amicus filing, Plaintiffs filed a complaint with the Federal Energy Regulatory Commission alleging that MISO had violated its tariff by treating HEA 1420 as an "Applicable Law" while the preliminary injunction was in effect. *See* Complaint, *LSP Transmission Holdings II, LLC v. MISO*, No. EL25-55-000 (March 4, 2025). The FERC proceedings are ongoing.

  4. Plaintiffs then informed the Defendants and Intervenor-Defendants that they no longer wished to seek a stay of this Court's proceedings. Plaintiffs instead proposed a case management plan that would move forward with discovery immediately and announced their intention to seek "a final judgment that HEA 1420 is invalid as expeditiously as possible." Dkt. 117 at 7. The Court did not adopt Plaintiffs' proposed case management plan deadlines.

  5. On March 13, 2025, the Seventh Circuit vacated the preliminary injunction against the Defendants, reasoning that "[P]laintiffs lacked standing to seek the preliminary injunction here because the injunction against the IURC did not oblige MISO . . . to act in any particular way." *LSP Transmission Holdings II, LLC v. Huston*, 131 F.4th 566, 584 (7th Cir. 2025). The Seventh Circuit held that the IURC "does nothing to enforce" Indiana Code § 8-1-38-9 and that "plaintiffs have not shown that the IURC's other conduct is 'fairly traceable' to the allegedly unconstitutional action." *Id.* at 578. The Seventh Circuit also held that "[b]ecause the IURC simply has no statutory duty to *enforce* the rights of first refusal established under [Indiana Code § 8-1-38-9], the preliminary injunction has not—and could not be expected to—redress the harm plaintiffs fear." *Id.* at 579–80 (emphasis in original). Because the Seventh Circuit determined Plaintiffs lack

3

standing to seek a preliminary injunction, the Court did not need to reach the merits of Plaintiffs' claims.

6. On March 19, 2025, Magistrate Judge Klump granted Intervenor-Defendants' Motion to Stay pending any further appellate proceedings. Dkt. 131. Plaintiffs subsequently moved for a reconsideration of the stay order, stating they did not intend to seek further review of the Seventh Circuit's decision, but instead plan to file a motion for summary judgment "in the coming weeks." Dkt. 132 at 4.

7. On April 4, 2025, the Intervenor-Defendants filed a response in opposition to Plaintiffs' Motion to Reconsider, stating that Intervenor-Defendants intend to file a motion to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction and that the case should continue to be stayed pending resolution of their forthcoming motion. Dkt. 134. The Intervenor-Defendants also indicated that the Tranche 2.1 projects that were the subject of Plaintiffs' motion for a preliminary injunction have already been designated to the relevant incumbent utilities. Dkt. 134 at 5. On April 9, 2025, Plaintiffs filed a reply in support of their Motion to Reconsider. Dkt. 136.

8. On April 10, 2025, Plaintiffs filed their statement on the remand proceedings in which they again indicated they intend to file a motion for summary judgment "shortly after responses are served to the outstanding discovery requests." Dkt. 137 at 5. Plaintiffs also proposed that the Court consider both Intervenor-Defendants' forthcoming motion to dismiss and Plaintiffs' intended motion for summary judgment concurrently. *Id.*

9. Defendants intend to file a motion to dismiss for lack of subject matter jurisdiction within the coming weeks.

10. Defendants do not oppose continuing the stay pending resolution of the forthcoming motion to dismiss on jurisdictional grounds. Continuing the stay would conserve judicial and party resources by ensuring a threshold issue is resolved before the parties conduct discovery and brief motions for summary judgment. An order granting a motion to dismiss for lack of jurisdiction would obviate the need for that discovery and briefing.

11. Alternatively, Defendants propose continuing to adhere to the timeline previously established by the Case Management Plan. Dkt. 122. That timetable should not be accelerated. Defendants believe Plaintiffs' motion for summary judgment would be premature. Defendants have not tendered additional written discovery to the Plaintiffs, nor have Defendants had adequate time to conduct discovery with expert witnesses.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: <u>April 25, 2025</u>    By:    /s/ *Bradley S. Davis*
Bradley S. Davis
James A. Barta
Jenna M. Lorence
Jade A. Poorman
Office of Attorney General Todd Rokita
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone/Fax: (317) 233-5601/(317) 232-7979
E-mail: Bradley.Davis@atg.in.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2025, a true and accurate copy of the foregoing document was served via the Court's CM/ECF system upon all counsel of record.

By: /s/ *Bradley S. Davis*
Bradley S. Davis
Deputy Attorney General