# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LSP Transmission Holdings II, LLC, et al.<br><br>*Plaintiffs*,<br><br>v.<br><br>James F. Huston, Chairman, Indiana Utility Regulatory Commission, et al.,<br><br>*Defendants,*<br><br>Northern Indiana Public Service Company, et al.,<br><br>*Intervenor Defendants.* | Case No. 1:24-cv-01722-TWP-MKK |

### PLAINTIFFS' SUPPLEMENTAL POSITION STATEMENT REGARDING CONDUCT OF REMAND PROCEEDINGS

Plaintiffs LSP Transmission Holdings II, LLC, LS Power Midcontinent, LLC, Central Transmission, LLC, and LS Power Grid DRS Holdings, LLC, respectfully submit this supplement to their Position Statement of April 10, 2025, to address the order issued yesterday by Magistrate Judge Klump.

### BACKGROUND

On February 4, 2025, the four original Intervenor Defendants[1] moved to stay this litigation in its entirety pending the Seventh Circuit's resolution of their appeal from this Court's order granting a preliminary injunction, including "the resolution or conclusion of any proceedings at

---

[1] The four original Intervenor Defendants are Northern Indiana Public Service Company, Indiana Power & Light Company, Southern Indiana Gas and Electric Company, and Duke Energy Indiana, LLC. *See* Dkt.56. Intervenor Defendant Commonwealth Edison Company of Indiana, Inc. ("ComEd Indiana") was granted leave to intervene several weeks later. *See* Dkt.108.

the U.S. Supreme Court." Dkt.118 at 2.  On March 13, 2025, the Seventh Circuit issued a divided panel decision vacating the preliminary injunction and remanding for further proceedings. Dkt.129-1.

Shortly thereafter, in an order dated March 19, 2025, Magistrate Judge Klump granted Intervenor Defendants' motion for a stay, stating:  "*All proceedings and deadlines* in this matter are **STAYED** until further order of the Court."  Dkt.131 (emphasis added).  Magistrate Judge Klump also instructed the parties to "file a joint status report within seven (7) days of the expiration of Plaintiffs' time to appeal the Seventh Circuit's decision."  *Id.*  On March 21, Plaintiffs asked Magistrate Judge Klump to reconsider that order, explaining that there is no need to give them time to seek en banc or Supreme Court review because "they do not intend to seek further appellate review of the Seventh Circuit's decision."  Dkt.132 at 4.

While that motion was still pending, on April 7, 2025, Chief Judge Pratt issued an order noting that the Seventh Circuit had issued its mandate and instructing the parties to file position statements on how the Court should proceed on remand.  Dkt.135.  All the parties submitted the requested statements on or before April 25, as ordered.  *See* Dkts.137, 138, 141, 142.

Within minutes of filing their April 25 position statement, the original Intervenor Defendants also filed a motion to dismiss, Dkts.139, 140—notwithstanding the fact that "[a]ll proceedings and deadlines" were (and remain) stayed, at their own request.  Dkt.131.  ComEd Indiana filed a separate motion to dismiss on April 28, *see* Dkts.143, 144, and the IURC Defendants filed yet another motion to dismiss on April 29, Dkt.145, accompanied by a brief that largely duplicates Intervenor Defendants' arguments, Dkt.146.

On April 30, 2025, Magistrate Judge Klump denied Plaintiffs' motion for reconsideration of the March 19 order staying this case in entirety.  Dkt.147.  While the March 19 order was granted

on the premise that Plaintiffs may "appeal the Seventh Circuit's decision" (i.e., file a petition for certiorari on or before June 11, 2025), Dkt.131, the order denying reconsideration makes no mention of the fact that Plaintiffs have repeatedly represented on the record that they *will not* seek certiorari, *see* Dkt.130 at 1; Dkt.132 at 4; Dkt.132-2 at 2 (sworn declaration). Instead, the order oddly declines to reconsider the existing stay of "[a]ll proceedings and deadlines," Dkt.131—which was issued *before* any party in this case had moved to dismiss—on the ground that "[a] stay *of discovery*" is sometimes appropriate when a party files a motion to dismiss, Dkt.147 at 1 (emphasis added). The order also fails to address any of Plaintiffs' arguments that staying the case is patently unfair, inconsistent with the Seventh Circuit's decision, and severely prejudicial to Plaintiffs and the public interest. *Compare* Dkt.147, *with* Dkt.136 at 2-4, 7-9; Dkt.123 at 1-2, 6-9.

## SUPPLEMENTAL POSITION STATEMENT

In light of Magistrate Judge Klump's denial of Plaintiffs' motion for reconsideration, "[a]ll proceedings and deadlines in this matter" remain "**STAYED**," Dkt.131 at 1, as they have been for the past six weeks. Nevertheless, there are now several pending motions to dismiss that Magistrate Judge Klump's order denying reconsideration seems to contemplate Plaintiffs must respond to in the ordinary course, even though they were filed while "[a]ll proceedings" in this case were "**STAYED**." *Id.*; *see* Dkts.139, 143, 145. Meanwhile, Defendants appear to be under no obligation to respond to Plaintiffs' long-pending requests for written discovery. *See* Dkt.123-1. In addition, Plaintiffs understand that the parties must "file a joint status report within seven (7) days of the expiration of Plaintiffs' time to [seek certiorari]," Dkt.131 at 1—even though Plaintiffs have informed the Court repeatedly that they have no intention of seeking certiorari. In short, it is now unclear exactly what proceedings in this matter have been stayed and why, and the stay of

3

"[a]ll proceedings and deadlines" appears to unfairly restrict Plaintiffs' rights to litigate their claims but not Defendants' rights to defend against them.

Plaintiffs continue to believe that no stay of any kind is warranted for the reasons set forth in their recent position statement, which explains why any stay (let alone an asymmetric one) is severely prejudicial and "proposes that the Court lift the stay without further delay, so that Plaintiffs can complete pending discovery and file a motion for summary judgment in the coming weeks." Dkt.137 at 2, 5-6; *see also* Dkt.136 at 2-4, 7-9.  Accordingly, Plaintiffs stand ready to file timely objections to Magistrate Judge Klump's recent orders under Federal Rule of Civil Procedures 72(a) if necessary.  However, given that Chief Judge Pratt separately solicited (and recently received) position statements from the parties, Plaintiffs are filing this supplemental position statement to ensure that the Court is fully apprised of the status quo, and the confusion and seeming disparities under which the parties are presently operating.  Plaintiffs respectfully submit that additional guidance from Chief Judge Pratt comprehensively addressing how this case should proceed, based on the parties' position statements, could conserve the Court's and the parties' resources by obviating the need to brief and resolve a Rule 72(a) motion.

|  | Respectfully submitted, |
|---|---|
|  | s/Erin E. Murphy |
| TODD A. RICHARDSON | PAUL D. CLEMENT* |
| JAMES E. ZOCCOLA | ERIN E. MURPHY* |
| THOMAS JONES | MATTHEW D. ROWEN* |
| LEWIS KAPPES | JOSEPH J. DEMOTT* |
| One American Square | CLEMENT & MURPHY, PLLC |
| Suite 2500 | 706 Duke Street |
| Indianapolis, IN 46282 | Alexandria, VA 22314 |
| (317) 639-1210 | (202) 742-8900 |
|  | erin.murphy@clementmurphy.com |
|  | *Admitted pro hac vice* |

*Counsel for Plaintiffs*

May 1, 2025

4