# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LSP Transmission Holdings II, LLC, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>James F. Huston, Chairman, Indiana Utility Regulatory Commission, et al.,<br><br>*Defendants*,<br><br>Northern Indiana Public Service Company, et al.,<br><br>*Intervenor Defendants*. | Case No. 1:24-cv-01722-TWP-MKK |

**PLAINTIFFS' OBJECTION TO APRIL 30, 2025
ORDER OF THE MAGISTRATE JUDGE DENYING
<u>MOTION TO RECONSIDER STAY ORDER</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

BACKGROUND .......................................................................................................................... 3

LEGAL STANDARD ................................................................................................................... 6

ARGUMENT ................................................................................................................................ 6

I.   The Magistrate Judge Clearly Erred By Refusing To Reconsider An Order Premised On A Patent Misunderstanding Of Plaintiffs' Position ........................................ 6

II.  To The Extent The Magistrate Judge's Denial Of Reconsideration Purports To Modify The Prior Stay Order, It Is Still Clearly Erroneous ................................................ 8

CONCLUSION ........................................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*Bank of Waunakee v. Rochester Cheese Sales*,
906 F.2d 1185 (7th Cir. 1990) ................................................................................................. 6

*Burnett v. Ocwen Loan Servicing, LLC*,
2017 WL 5171226 (N.D. Ill. Nov. 8, 2017) ............................................................................. 9

*Common Cause Ind. v. Lawson*,
2018 WL 4853569 (S.D. Ind. Oct. 5, 2018) ........................................................................ 9, 11

*Cont'l Ins. Co. v. N. Ind. Pub. Serv. Co.*,
2011 WL 1322530 (N.D. Ind. Apr. 5, 2011) ............................................................................ 9

*Harper v. Cent. Wire, Inc.*,
2020 WL 5230746 (N.D. Ill. Sept. 2, 2020) ........................................................................... 11

*Knauf Insulation, LLC v. Johns Manville Corp.*,
2022 WL 2092923 (S.D. Ind. June 10, 2022) .................................................................. 2, 6, 9

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ........................................................................................................ 10, 11

*LSP Transmission Holdings II, LLC v. Huston*,
131 F.4th 566 (7th Cir. 2025) ...................................................................................... 4, 10, 12

*Pfizer Inc. v. Apotex Inc.*,
640 F.Supp.2d 1006 (N.D. Ill. 2009) ..................................................................................... 10

*Red Barn Motors, Inc. v. Cox Enters., Inc.*,
2016 WL 1731328 (S.D. Ind. May 2, 2016) .......................................................................... 11

*Republic Airways Inc. v. Int'l Bhd. of Teamsters*,
2024 WL 3876271 (S.D. Ind. Aug. 20, 2024) .......................................................................... 9

*Rogers v. Wexford of Ind., LLC*,
2022 WL 4080061 (S.D. Ind. Sept. 6, 2022) ............................................................................ 6

*Weeks v. Samsung Heavy Indus. Co.*,
126 F.3d 926 (7th Cir. 1997) ................................................................................................ 1, 6

**Rules**

Fed. R. Civ. P. 7(b)(1) ................................................................................................................... 8

Fed. R. Civ. P. 72(a) ...................................................................................................................... 6

Local Rule 5-1(a) ................................................................................................................... 8

Local Rule 7-1(a) ................................................................................................................... 9

**Other Authorities**

Aubrey Johnson, *The Midwest's Big Bet on Clean Electricity Transmission*,
 Kleinman Ctr. for Energy Pol'y (Feb. 25, 2025), https://tinyurl.com/3cu67t35 .................... 10

Motion to Dismiss or, in the Alternative, Motion for Leave to Respond and Answer of
 MISO, *LSP Transmission Holdings II, LLC v. MISO, Inc.*, No. EL25-55-000
 (FERC Mar. 19, 2025), https://tinyurl.com/4rsearue ......................................................... 4, 12

*PJM Long-Term Load Forecast Report* (Jan. 24, 2025), https://tinyurl.com/yu5tkp4s ............... 10

PJM, *Reliability Analysis Update* (April 1, 2025), https://tinyurl.com/2zpr5r2r .......................... 10

Michelle Wilson, *Navigating the Future of Grid Reliability:*
 *MISO's Long Range Transmission Planning Efforts*,
 MISO (Oct. 15, 2024), https://tinyurl.com/3rf24vuf ............................................................ 10

Plaintiffs LSP Transmission Holdings II, LLC, LS Power Midcontinent, LLC, Central Transmission, LLC, and LS Power Grid DRS Holdings, LLC, through counsel, respectfully submit this objection pursuant to Federal Rule of Civil Procedure 72(a). Plaintiffs seek review by Chief Judge Pratt of an April 30, 2025 Order entered by Magistrate Judge Klump (Dkt.147) (the "Reconsideration Order"), which denied Plaintiffs' motion to reconsider a prior Order granting Defendants' motion to stay all proceedings in this action (Dkt.131) (the "Stay Order").

## INTRODUCTION

The Reconsideration Order is clearly erroneous and/or contrary to law in multiple respects. The problems began with the underlying Stay Order, which froze "[a]ll proceedings and deadlines" through the "expiration of Plaintiffs' time to appeal the Seventh Circuit's decision," Dkt.131, despite Plaintiffs' express representation that they *would not* appeal that decision, Dkt.130 at 1. Once the Magistrate Judge received ironclad assurances that Plaintiffs would not seek further appellate review, *see* Dkt.132, Dkt.132-2 ¶4, reconsideration should have been readily granted. But the Magistrate Judge instead denied Plaintiffs' motion for reconsideration by pointing to Defendants' pending motions to dismiss—improperly filed long after the entire case had been stayed *at Defendants' request*—and asserting that "[a] stay of discovery is often warranted when a party raises dispositive threshold issues." Dkt.147 at 1. That generic proposition regarding a stay *of discovery* is not a sound basis for maintaining the current stay of *all proceedings*. In short, the fundamental mismatch between the Stay Order's scope, Dkt.131 (staying "[a]ll proceedings"), and the Reconsideration Order's cursory reference to a non-existent "stay of discovery," Dkt.147, leaves no doubt "that a mistake has been made," *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Perhaps recognizing that there is no plausible argument for maintaining a stay of the entire case pending exhaustion of appellate opportunities, Incumbents[1] have suggested that the Reconsideration Order somehow effectuated a "stay [of] discovery" pending resolution of Defendants' motions to dismiss. *See* Dkt.149. In opposing the reconsideration motion, moreover, Incumbents suggested a one-sided stay that would permit *them* to file dispositive motions while barring not only discovery but the filing of any dispositive motion by *Plaintiffs*. *See* Dkt.134 at 8-9. Incumbents' positions defy the unambiguous language of both the Stay Order, which stayed "[a]ll proceedings and deadlines," Dkt.131, and the Reconsideration Order, which declined to alter that prior order, Dkt.147 at 2.

Moreover, even if the Reconsideration Order could be construed as granting a stay of discovery (or the asymmetrical stay contemplated by Incumbents), it would still be invalid. For one thing, entering a *sua sponte* stay of discovery would have been a procedurally improper response to Plaintiffs' motion for reconsideration, which asked the Magistrate Judge to *eliminate* the stay, not to narrow it in a way that would benefit Defendants alone. What is more, the Reconsideration Order fails to cite or apply the well-established legal standard for granting a stay. *See Knauf Insulation, LLC v. Johns Manville Corp.*, 2022 WL 2092923, at *1 (S.D. Ind. June 10, 2022) (Pratt, C.J.) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."). In all events, the standard for granting a stay of discovery plainly was not met, as any such stay would unduly prejudice Plaintiffs by prolonging

---

[1] This brief uses "Incumbents" to refer to the four original Intervenor Defendants—i.e., Northern Indiana Public Service Company, Indiana Power & Light Company, Southern Indiana Gas and Electric Company, and Duke Energy Indiana, LLC. *See* Dkt.56. (Commonwealth Edison Company of Indiana, Inc. ("ComEd Indiana") was granted leave to intervene several weeks later and is represented by separate counsel. *See* Dkt.108.)

their exposure to constitutional violations and threatening to deprive them of the opportunity to bid on new interstate transmission projects that are currently being planned.

This Court should vacate the Reconsideration Order, lift the stay, and allow this litigation to proceed expeditiously to summary judgment. At the very least, the Court should clarify that the stay does not preclude Plaintiffs from filing a motion for summary judgment at any time.

## BACKGROUND

On December 11, 2024, the IURC Defendants and Incumbents appealed this Court's preliminary injunction order. *See* Dkt.79, Dkt.82.[2] Nearly two months later, Incumbents moved "to stay this matter pending the Seventh Circuit's forthcoming decision … and the resolution or conclusion of any proceedings at the U.S. Supreme Court." Dkt.118 at 2.

Plaintiffs opposed that motion, explaining (among other things) that the requested stay threatened to seriously prejudice them by unduly delaying discovery and unnecessarily prolonging their exposure to the unconstitutional Indiana statute they have challenged—House Enrolled Act 1420 of 2023 ("HEA 1420"). *See* Dkt.123 at 7-8. Plaintiffs have a particularly strong interest in proceeding expeditiously to final judgment because of the unusual way in which HEA 1420 operates. The Midcontinent Independent System Operator ("MISO"), which oversees interstate transmission projects in much of Indiana, has a federal-law obligation to "comply with" HEA 1420—thus injuring Plaintiffs—so long as HEA 1420 is an "Applicable Law[]" under MISO's tariff. Dkt.45-2. And while MISO took the position that HEA 1420 remained an "Applicable Law[]" even after this Court issued a preliminary injunction prohibiting its enforcement, *see* No. 24-3248 (7th Cir.), Dkt.81 at 16, MISO recently confirmed that it would be "preclude[d] … from

---

[2] Intervenor Defendant ComEd Indiana was not yet a party and filed its own, separate notice of appeal a few weeks later. *See* Dkt.100.

3

giving any effect to HEA 1420 if a federal court were to issue a final judgment on the merits declaring that law unconstitutional."[3]  Timely resolution of this matter in full is thus particularly of the essence for Plaintiffs, while delay asymmetrically benefits Incumbents.

On March 13, 2025, the Seventh Circuit issued a divided decision holding that Plaintiffs lacked standing to seek a preliminary injunction, relying heavily on the facts that MISO "d[id] not view itself as bound by the preliminary injunction" and, consequently, the injunction "[wa]s not affecting [MISO's] actions." *LSP Transmission Holdings II, LLC v. Huston*, 131 F.4th 566, 583-84 (7th Cir. 2025).  But the Seventh Circuit's decision expressly contemplates that Plaintiffs may be able to establish standing for purposes of final judgment and a *permanent* injunction if (as has now turned out to be the case) MISO considers itself bound by such final orders: "To be clear, we do not intend to imply any conclusion about whether plaintiffs would have standing to seek a permanent injunction against the IURC Commissioners under a theory that MISO would feel itself bound by a final judgment treating HEA 1420 as unconstitutional." *Id.* at 584.  Accordingly, the Seventh Circuit did not order dismissal but instead remanded for "further proceedings consistent with [its] opinion." *Id.*

On March 17, 2025, Incumbents submitted a letter informing this Court of the Seventh Circuit's decision and reiterating their then-pending request to "stay all proceedings" pending exhaustion of all "opportunities [for Plaintiffs] to seek further review of the Seventh Circuit's decision." Dkt.129 at 1-2 (citing Dkt.118).  On March 20, 2025, Plaintiffs filed a letter response informing the Court that they would not seek further review of the Seventh Circuit's decision and instead wished "to press forward toward final judgment as expeditiously as possible." Dkt.130 at

---

[3] Motion to Dismiss or, in the Alternative, Motion for Leave to Respond and Answer of MISO at 8, *LSP Transmission Holdings II, LLC v. MISO, Inc.*, No. EL25-55-000 (FERC Mar. 19, 2025), https://tinyurl.com/4rsearue ("MISO FERC MTD").

4

1-2. That should have mooted the stay motion. Less than one hour after Plaintiffs' responsive letter was filed, however, the Magistrate Judge granted Incumbents' motion to stay "[a]ll proceedings" and ordered the parties to "file a joint status report within seven (7) days of the expiration of Plaintiffs' time to appeal the Seventh Circuit's decision." Dkt.131.

The Stay Order was apparently issued without consideration of Plaintiffs' March 20 letter. In fact, the order is dated March 19 (even though it was not docketed until late on March 20). Dkt.131. Recognizing as much, Plaintiffs promptly moved for reconsideration. *See* Dkt.132. After all, it makes scant sense to stay all proceedings pending resolution of potential appeals when the would-be appellants have already represented that they *will not file* any such appeals. And it would be particularly inappropriate to do so at the behest of would-be appellees who asymmetrically benefit from delay that the would-be appellants are vigorously resisting. To eliminate any possible doubt about their intentions, Plaintiffs also attached to their motion for reconsideration a sworn statement from LS Power's Executive Vice President and General Counsel reaffirming that "Plaintiffs have made a firm determination not to seek further appellate review of the Seventh Circuit decision." Dkt.132-2 ¶4. Incumbents opposed reconsideration, but the IURC Defendants conspicuously declined to join in that opposition. *See* Dkt.134 at 1 & n.*.

Nearly six weeks later, the Magistrate Judge issued an order denying Plaintiffs' motion to reconsider the Stay Order. *See* Dkt.147. The Reconsideration Order recognizes that Plaintiffs "do not intend to appeal the Seventh Circuit's decision." *Id.* at 1. It nevertheless declines to reconsider the stay of "[a]ll proceedings and deadlines," Dkt.131, on the ground that Defendants filed three motions to dismiss in late April and "[a] stay *of discovery* is often warranted when a party raises dispositive threshold issues, such as standing, jurisdiction, or qualified immunity," Dkt.147 at 1 (emphasis added). Moreover, the Reconsideration Order contemplates "a status conference

5

following decisions on the pending Motions to Dismiss," *id.* at 2, even though those motions were filed several weeks *after* Defendants successfully procured a stay of "[a]ll proceedings and deadlines," Dkt.131, and even though the Reconsideration Order leaves that broad stay in place.

## LEGAL STANDARD

A district judge must "consider timely objections" to a magistrate judge's non-dispositive orders "and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  A decision is clearly erroneous when it leaves the district court with a "definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.  And "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knauf Insulation*, 2022 WL 2092923, at *1.

## ARGUMENT

**I.     The Magistrate Judge Clearly Erred By Refusing To Reconsider An Order Premised On A Patent Misunderstanding Of Plaintiffs' Position.**

Reconsideration is appropriate where "the Court has patently misunderstood a party" or "made an error not of reasoning but of apprehension." *Rogers v. Wexford of Ind., LLC*, 2022 WL 4080061, at *1 (S.D. Ind. Sept. 6, 2022) (Pratt, C.J.) (quoting *Bank of Waunakee v. Rochester Cheese Sales*, 906 F.2d 1185, 1191 (7th Cir. 1990)).  The original Stay Order reflects just such a misunderstanding.  The Magistrate Judge's sole justification for staying "[a]ll proceedings and deadlines" was that Plaintiffs might "appeal the Seventh Circuit's decision." Dkt.131.  Shortly before the Stay Order was entered, however, Plaintiffs expressly informed this Court that "they d[id] not intend to seek further review of the Seventh Circuit's decision." Dkt.130 at 1.  The Stay Order thus is premised on a misunderstanding of Plaintiffs' position—apparently because it was drafted and signed before Plaintiffs' March 20 letter was docketed.  Given Plaintiffs' commitment not to appeal, there was no valid reason to grant a stay of "[a]ll proceedings" tied to "the expiration

of Plaintiffs' time to appeal the Seventh Circuit's decision," Dkt.131. And there was certainly no valid reason to reaffirm the entry of that appeal-oriented stay after Plaintiffs provided a sworn declaration unequivocally stating that they would neither "file a petition for rehearing or a petition for rehearing en banc at the Seventh Circuit" nor "seek a writ of certiorari at the United States Supreme Court," Dkt.132-2 ¶4.

The Reconsideration Order fails to provide any valid basis for denying reconsideration. Despite acknowledging that the rationale for the Stay Order was unsupported, Dkt.147 at 1 (noting that Plaintiffs "do not intend to appeal the Seventh Circuit's decision"), the Magistrate Judge shifted to a new rationale: "A stay *of discovery* is often warranted when a party raises dispositive threshold issues, such as standing, jurisdiction, or qualified immunity." *Id.* (emphasis added). That general proposition about a potential stay of *discovery* is not a valid reason for declining to reconsider a stay of "[a]*ll proceedings and deadlines*," particularly under the circumstances of this case. Dkt.131. And the fact that all Defendants filed motions to dismiss in late April—in defiance of the stay *they themselves had procured*, *see* Dkt.129 at 1-2 (asking the court to "stay all proceedings"); *accord* Dkt.118—cannot justify the Magistrate Judge's March 20 order granting Incumbents' request to stay "[a]ll proceedings and deadlines" pending "the expiration of Plaintiffs' time to appeal the Seventh Circuit's decision," Dkt.131. That stay of "[a]ll proceedings" was in effect when Defendants filed their motions and remains in effect today. Defendants did not even seek leave of Court to make any filings, much less secure an order partially lifting the stay to accommodate their dispositive motions. To the contrary, they filed their motions just a few weeks after urging the Magistrate Judge to deny reconsideration and leave the stay of all proceedings intact. *See* Dkt.134. Defendants then turned around and filed their motions in clear defiance of the stay. *See* Dkt.139, Dkt.143, Dkt.145. Those violations of the stay cannot be bootstrapped into

7

a justification for extending the stay once the original reason for its issuance was shown to be incorrect. This Court should exercise its power under Rule 72(a) to grant Plaintiffs' motion for reconsideration, lift the stay, and allow this litigation to proceed in the ordinary course.

II. **To The Extent The Magistrate Judge's Denial Of Reconsideration Purports To Modify The Prior Stay Order, It Is Still Clearly Erroneous.**

Incumbents' most recent filing tries to wish away the Reconsideration Order's internal inconsistency by suggesting that it did not reaffirm the stay of "all proceedings" (which, again, is what they asked for, *see* Dkt.118; Dkt.129 at 1-2) but instead modified that preexisting stay, transforming it into a stay of discovery. *See* Dkt.149. That interpretation is flatly inconsistent with the operative language of both the Stay Order ("All proceedings and deadlines in this matter are **STAYED** until further order of the Court," Dkt.131) and the Reconsideration Order ("[T]he Court **DENIES** Plaintiffs' Motion to Reconsider [the] Stay Order," Dkt.147 at 2). In any event, even if the Reconsideration Order could be construed as transforming the stay of all proceedings pending exhaustion of potential appeals into a stay of discovery pending resolution of Defendants' improperly filed motions to dismiss, it would still be clearly erroneous.

For one thing, it would have been procedurally improper for the Magistrate Judge to order a stay of discovery in response to Plaintiffs' motion for reconsideration—particularly since no party had properly requested a stay of discovery in any pending motion. While Incumbents' March 17 letter referenced the possibility of staying discovery pending resolution of a forthcoming motion to dismiss, Dkt.129 at 2, that letter was not a motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); Local Rule 5-1(a) ("Any submission directed to a Judge … in a manner that is not contemplated by this rule and without prior court authorization is prohibited."). And while Incumbents made a similar suggestion in their opposition to Plaintiffs' Motion to Reconsider, Dkt.134, that reference was also procedurally insufficient to serve as a

8

motion. *See* Local Rule 7-1(a) ("A motion must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court."). There was no basis in the record or in the applicable rules of procedure for the Magistrate Judge to materially revise a prior order—*sua sponte*, *sub silentio*, and to the movant's detriment—in *denying* a motion for reconsideration. To the extent the Reconsideration Order purports to do that, it is procedurally invalid and should be overruled. *See Knauf Insulation*, 2022 WL 2092923, at *1 ("An order is contrary to law when it … misapplies relevant … rules of procedure.").

In any event, if the Reconsideration Order had effectuated a modified stay of discovery, *sua sponte*, it would have been a clear substantive error. In assessing the propriety of a stay, "the court should consider: '(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court.'" *Common Cause Ind. v. Lawson*, 2018 WL 4853569, at *2 (S.D. Ind. Oct. 5, 2018) (Pratt, J.). Defendants "'bear[] the burden of proof to show that the Court should exercise its discretion in staying the case' and must show that 'good cause exists for the stay.'" *Republic Airways Inc. v. Int'l Bhd. of Teamsters*, 2024 WL 3876271, at *1 (S.D. Ind. Aug. 20, 2024). If the Reconsideration Order was meant to institute a *sua sponte* stay of discovery, then the Magistrate Judge clearly erred by failing to cite or apply these well-established principles. *See Knauf Insulation*, 2022 WL 2092923, at *1.

Under the circumstances of this case, all relevant factors weigh heavily *against* staying discovery. "To order a stay of proceedings, it must be clear … that the plaintiff will not be substantially harmed by the delay." *Cont'l Ins. Co. v. N. Ind. Pub. Serv. Co.*, 2011 WL 1322530, at *2-3 (N.D. Ind. Apr. 5, 2011); *accord Burnett v. Ocwen Loan Servicing, LLC*, 2017 WL 5171226, at *3 (N.D. Ill. Nov. 8, 2017). "'[I]f there is even a fair possibility that the stay … will

9

work damage to [the non-movant],' the party seeking the stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *Pfizer Inc. v. Apotex Inc.*, 640 F.Supp.2d 1006, 1007 (N.D. Ill. 2009) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Here, a stay of discovery—particularly one with no definite end date—would seriously prejudice Plaintiffs. This Court has already determined that HEA 1420 is likely unconstitutional, *see* Dkt.70 at 15-19, and the only member of the Seventh Circuit panel to address the merits emphatically agreed, *see Huston*, 131 F.4th at 590-93 (Scudder, J., dissenting). Given the Seventh Circuit's conclusion that preliminary relief is not available at this time—whereas a final judgment *would* preclude MISO from continuing to give effect to HEA 1420, *see supra* p.4 & n.3—Plaintiffs have a strong interest in securing a final judgment as quickly as possible. Staying discovery would significantly extend the time it will take to litigate this case to final judgment, thus prolonging the period during which HEA 1420 will inflict serious and irreparable injury on Plaintiffs. *See* Dkt.70 at 20-21 (irreparable-harm analysis). A stay would not only greatly increase Plaintiffs' exposure to irreparable violations of their constitutional rights, *id.*, but also threaten to prevent Plaintiffs from bidding on massive interstate transmission projects currently being planned by both MISO and PJM (the other regional transmission organization active in Indiana).[4]

Because there is plainly "a fair possibility"—indeed, near certainty—that the requested stay "will work damage to" Plaintiffs, Incumbents "must make out a clear case of hardship or inequity in being required to go forward." *Pfizer*, 640 F.Supp.2d at 1007 (quoting *Landis*, 299

---

[4] *See* PJM, *Reliability Analysis Update* 3 (April 1, 2025), https://tinyurl.com/2zpr5r2r; Aubrey Johnson, *The Midwest's Big Bet on Clean Electricity Transmission*, Kleinman Ctr. for Energy Pol'y (Feb. 25, 2025), https://tinyurl.com/3cu67t35; *PJM Long-Term Load Forecast Report* 13 (Jan. 24, 2025), https://tinyurl.com/yu5tkp4s; Michelle Wilson, *Navigating the Future of Grid Reliability: MISO's Long Range Transmission Planning Efforts*, MISO (Oct. 15, 2024), https://tinyurl.com/3rf24vuf.

U.S. at 255). The Reconsideration Order fails to engage with that issue. It cites *Red Barn Motors, Inc. v. Cox Enterprises, Inc.,* 2016 WL 1731328 (S.D. Ind. May 2, 2016), as support for a potential stay of discovery, but in that case this Court *denied* a requested stay, noting the claimed burden of responding to discovery was based on "unsupported statements of counsel in briefs." *Id.* at *3. The same deficiency undermines the assertions of burden here. *See* Dkt.134 at 8-9.

Incumbents will not face any hardship or inequity absent a stay of discovery, as they would merely need to respond to a relatively modest set of requests for paper discovery that Plaintiffs propounded *three months ago* and to which the IURC Defendants responded on March 31, 2025. *See* Dkt.123-1 (copy of discovery requests). "Courts in this circuit find that broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery." *Harper v. Cent. Wire, Inc.*, 2020 WL 5230746, at *4 (N.D. Ill. Sept. 2, 2020) (citing two cases from this District). And here, the time and expense associated with allowing discovery to proceed falls far short of "hardship" or "inequity," and pales in comparison to the harms facing Plaintiffs if Incumbents are permitted to drag this litigation out for many more months. Indeed, the real "hardship" Incumbents are trying to avoid is a final judgment that they now know MISO will deem itself bound to follow. And a bare desire to delay final judgment is, of course, not a legally cognizable hardship.

A stay of discovery is also unlikely to "simplify the issues in question" or "reduce the burden of litigation on the parties and on the court," *Common Cause*, 2018 WL 4853569, at *2. Incumbents' only argument on this score is that their motion to dismiss could succeed, obviating the need for any further litigation (including discovery). *See* Dkt.129 at 2. As Plaintiffs have explained, however, the Seventh Circuit's decision makes clear that this case can and should be resolved on the merits. *See* Dkt.130. The majority expressly recognized that Plaintiffs are being

11

injured by HEA 1420, but was not convinced that a preliminary injunction would redress those injuries. Its reasons for reaching that conclusion, however, do not translate to a *permanent* injunction—let alone a declaratory judgment—as its holding turned on "MISO's position" that its Tariff "does not require it to comply with a preliminary injunction." *Huston*, 131 F.4th at 581; *see id.* at 583-84. And the majority found MISO's position not entirely unreasonable because of what it deemed the "meaningful" "difference[s] between a preliminary injunction and a permanent injunction": Only the latter indicates "*actual success on the merits*"; and unlike a preliminary injunction, a "final judgment … *can* deprive [a] statute of effect," rendering it "void." *Id.* at 580, 584 (second emphasis added).

Consistent with the distinctions the majority suggested, MISO has now made crystal clear that it does in fact "interpret its Tariff to preclude it from giving any effect to HEA 1420 if a federal court were to issue a *final* judgment on the merits declaring that law unconstitutional." MISO FERC MTD, *supra*, at 8 (emphasis added). Accordingly, there can be no genuine dispute that if this Court issues such a judgment, MISO will "react in predictable ways," *Huston*, 131 F.4th at 584: It will stop relying on HEA 1420 and instead allow Plaintiffs to compete for interstate transmission projects in Indiana. The panel majority's reasoning thus confirms that Plaintiffs have Article III standing to pursue a final judgment, and that delay will accomplish nothing but beyond allowing Incumbents to continue benefiting from an unconstitutional law. Indeed, if Incumbents were correct that the Seventh Circuit's opinion "necessarily lead[s] to the conclusion that Plaintiffs lack Article III standing," Dkt.129 at 2, then the panel majority would have ordered the case dismissed. Instead, the majority expressly reserved judgment on whether Plaintiffs have standing to seek permanent injunctive relief and "remanded to the district court for further proceedings." *Huston*, 131 F.4th at 584 (capitalization altered).

In sum, the Court should vacate the Reconsideration Order because it denied reconsideration and left the stay of "[a]ll proceedings" in place even though the premise for the Stay Order—that Plaintiffs might appeal—was undisputedly incorrect. Defendants' blatant violation of that stay—by filing dispositive motions, without leave, when "[a]ll proceedings" were stayed at their own behest—cannot justify either continuing the stay as to all matters or *sua sponte* converting into a stay of discovery. Moreover, all relevant factors confirm that a stay of discovery not only is not warranted, but would substantially and unfairly benefit Defendants at Plaintiffs' (and consumers') expense. The Court should accordingly vacate the Reconsideration Order and lift the stay in its entirety.

At the very least, the Court should make clear that any stay it deems warranted is limited to discovery. In opposing reconsideration, Incumbents not only suggested a stay of discovery, but further suggested an asymmetrical stay that would permit Defendants to litigate their dispositive motions yet bar Plaintiffs from filing dispositive motions of their own. *See* Dkt.134 at 8-9. The Reconsideration Order notably did not purport to take them up on that suggestion; the Magistrate Judge instead offered a justification (albeit a flawed one) *only* for a stay of discovery. Dkt.147. And it would be manifestly unfair and highly prejudicial to impose a one-sided stay, permitting Defendants but not Plaintiffs to file dispositive motions. Plaintiffs are prepared to seek summary judgment with or without further discovery, on the basis that HEA 1420 facially discriminates against interstate commerce and cannot survive strict judicial scrutiny. *See* Dkt.70 at 15-19. If the stay did not bar Defendants from filing their dispositive motions, then it should not bar Plaintiffs from filing theirs either. Accordingly, to the extent the Court is inclined to leave any stay in place, it should clarify that the stay does not prohibit Plaintiffs from filing a summary judgment motion whenever they are ready to do so. This Court should reject Defendants' self-

13

serving efforts to postpone the day when HEA 1420 is finally declared unconstitutional and should instead allow this litigation to proceed expeditiously toward summary judgment. Neither judicial economy nor the public interest would be served by continuing to drag this litigation out.

## CONCLUSION

This Court should vacate the Reconsideration Order and lift the stay. At the very least, the Court should confirm there is no bar against Plaintiffs filing a summary judgment motion at any time.

|  | Respectfully submitted, |
|---|---|
|  | s/Erin E. Murphy |
| TODD A. RICHARDSON | PAUL D. CLEMENT* |
| JAMES E. ZOCCOLA | ERIN E. MURPHY* |
| THOMAS JONES | MATTHEW D. ROWEN* |
| LEWIS KAPPES | JOSEPH J. DEMOTT* |
| One American Square | CLEMENT & MURPHY, PLLC |
| Suite 2500 | 706 Duke Street |
| Indianapolis, IN 46282 | Alexandria, VA 22314 |
| (317) 639-1210 | (202) 742-8900 |
|  | erin.murphy@clementmurphy.com |
|  | *Admitted pro hac vice |

*Counsel for Plaintiffs*

May 14, 2025

14