**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

LSP TRANSMISSION HOLDINGS II, LLC,  )
LS POWER MIDCONTINENT, LLC,  )
CENTRAL TRANSMISSION, LLC,  )
LS POWER GRID DRS HOLDINGS, LLC,  )
        )
        Plaintiffs,  )
        )
        v.  )    Case No. 1:24-cv-01722-TWP-MKK
        )
CHAIRMAN JAMES F. HUSTON Indiana Utility  )
Regulatory Commission,  )
COMMISSIONER WESLEY R. BENNETT  )
Indiana Utility Regulatory Commission,  )
COMMISSIONER SARAH E. FREEMAN  )
Indiana Utility Regulatory Commission,  )
COMMISSIONER DAVID E. VELETA Indiana  )
Utility Regulatory Commission,  )
COMMISSIONER DAVID E. ZIEGNER Indiana  )
Utility Regulatory Commission,  )
        )
        Defendants.  )
        )
_____  )
        )
NORTHERN INDIANA PUBLIC SERVICE  )
COMPANY,  )
INDIANAPOLIS POWER & LIGHT COMPANY  )
d/b/a AES Indiana,  )
SOUTHERN INDIANA GAS AND ELECTRIC  )
COMPANY d/b/a CenterPoint Energy Indiana  )
South,  )
DUKE ENERGY INDIANA, LLC,  )
COMMONWEALTH EDISON COMPANY OF  )
INDIANA, INC.,  )
        )
        Intervenor Defendants.  )

**ENTRY ON PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDER**
**AND ENTRY FOLLOWING THE PARTIES' POSITION STATEMENTS**

    This matter is before the Court following a Mandate from the United States Court of

Appeals for the Seventh Circuit.  This matter is also before the Court on an Objection to the April

1

30, 2025, Order of the Magistrate Judge Denying Motion to Reconsider Stay Order, filed by Plaintiffs LSP Transmission Holdings II, LLC, LS Power Midcontinent, LLC, Central Transmission, LLC, and LS Power Grid DRS Holdings, LLC, (collectively "Plaintiffs") (Filing No. 152).  On April 4, 2025, the appellate court issued a Mandate which vacated the preliminary injunction and did not direct dismissal of the case, but instead remanded the case for further proceedings consistent with their opinion (Filing No. 133).  The parties filed their position statements as to how this case should proceed. (Filing No. 137); (Filing No. 138); (Filing No. 141); (Filing No. 142). For the reasons explained below, Plaintiffs' Objection is **overruled** and this Entry outlines how the case will proceed on remand.

## I.    BACKGROUND

The underlying facts of this case are described at length in the Court's Entry on the Plaintiffs' Motion for Preliminary injunction, and only the facts material to the matters presently before the Court are cited in this Entry.

On December 6, 2024, the Court entered a preliminary injunction prohibiting the Chair and Commissioners of the Indiana Utility Regulatory Commission ("IURC") from enforcing the rights of first refusal in Indiana Code § 8-1-38-9 ("HEA 1420").  (Filing No. 71).  Defendants Chairman James F. Huston, Commissioner Wesley R. Bennett, Commissioner Sarah E. Freeman, Commissioner David E. Veleta, and Commissioner David E. Ziegner of the IURC, (collectively "the IURC Defendants"), and Defendants Northern Indiana Public Service Company, Indianapolis Power & Light Company d/b/a AES Indiana, Southern Indiana Gas and Electric Company d/b/a CenterPoint Energy Indiana South, Duke Energy Indiana, LLC, and Commonwealth Edison Company of Indiana, Inc., (collectively "Intervenor Defendants") appealed the Order granting preliminary injunctive relief.

The Intervenor Defendants subsequently moved to stay the case pending the appellate court's decision or the conclusion of any proceedings at the U.S. Supreme Court. (Filing No. 118). The Court referred the Motion to the Magistrate Judge. On March 13, 2025, the Seventh Circuit held that Plaintiffs did not have standing to pursue preliminary injunctive relief against the IURC Defendants because a preliminary injunction would not redress the Plaintiffs' alleged harm. *LSP Transmission Holdings II, LLC v. Huston*, No. 24-3248, Dkt. 100 (7th Cir. Mar. 13, 2025).

Shortly thereafter, the Magistrate Judge granted the Motion to Stay. In an order dated March 19, 2025, the Magistrate stayed "all proceedings and deadlines" and ordered the parties to file a joint status report within seven days of the expiration of the Plaintiffs' time to appeal the appellate court's decision. (Filing No. 131). Plaintiffs moved to reconsider the stay order, noting that they filed a March 17, 2025, letter with the Court explaining that they do not intend to seek further appellate review of the Seventh Circuit's decision. (Filing No. 132). The Motion for Reconsideration also explained that non-parties Midcontinent Independent System Operator ("MISO") and PJM Interconnection ("PJM") "continue to plan additional regional transmission projects in Indiana beyond just MISO's Tranche 2.1 portfolio." *Id.* at 5. For those reasons, Plaintiffs argued the stay should be lifted, and remand proceedings should commence without delay. *Id.* at 6. Plaintiffs' March 17, 2025, Letter and the Magistrate's March 19, 2025, stay order were both docketed on March 20, 2025. (Filing No. 130); (Filing No. 131).

While Plaintiffs' Motion for Reconsideration was pending, in accordance with Local Rule 16-2, the Court ordered the parties to file position statements on or before April 25, 2025, as to how the Court should proceed on remand, (Filing No. 135). After all parties timely filed their position statements, and before the Court could rule on them, the Defendants each filed individual Motions to Dismiss arguing that the Court lacks Article III standing. (Filing No. 139); (Filing No.

143); (Filing No. 145).   Then, the Magistrate Judge denied reconsideration of the stay order

because "[a] stay of discovery is often warranted when a party raises dispositive threshold issues,

such as standing, jurisdiction or qualified immunity."   (Filing No. 147 at 1) (citing *Red Barn*

*Motors, Inc. v. Cox Enters., Inc.*, No.1:14-cv-01589, 2016 WL 1731328, at *3 (S.D. Ind. May 2,

2016)).   Plaintiffs promptly filed a supplemental position statement and the instant Rule 72

objection explaining that they are unsure what proceedings have been stayed and requesting

additional guidance addressing how the case should proceed.  (Filing No. 148); (Filing No. 152).

Alternatively, they argue the Magistrate Judge clearly erred in denying reconsideration of the stay

order.

## II.    LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate

judge under Federal Rule of Civil Procedure 72(a).  Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a
> magistrate judge to hear and decide, the magistrate judge must promptly conduct
> the required proceedings and, when appropriate, issue a written order stating the
> decision.  A party may serve and file objections to the order within 14 days after
> being served with a copy.  A party may not assign as error a defect in the order not
> timely objected to.  The district judge in the case must consider timely objections
> and modify or set aside any part of the order that is clearly erroneous or is contrary
> to law.

After reviewing objections to a magistrate judge's order, the district court will modify or

set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is

highly differential, permitting reversal of the magistrate judge's ruling only when "the district court

is left with the definite and firm conviction that a mistake has been made."  *Weeks v. Samsung*

*Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).  "To be clearly erroneous, a decision must

strike [the court] as more than just maybe or probably wrong," and the court will not modify a

magistrate judge's non-dispositive, pretrial decision "simply because [it has] doubts about its

4

wisdom or think[s] [it] would have reached a different result." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Coley v. Landrum*, No. 14-cv-956, 2016 WL 427518, at \*1 (S.D. Ind. Feb. 4, 2016) (citation and quotation marks omitted).

## III. DISCUSSION

The Court will first discuss Plaintiff's Rule 72 objection, before addressing how the case will proceed on remand.

### A. Rule 72 Objection

"A court may stay discovery through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c). The party seeking a stay has no absolute right to a stay; rather, that party bears the burden of proof to show that the Court should exercise its discretion in staying the case." *Selective Ins. Co. of Am. v. Smiley Body Shop, Inc.*, No. 1:16-cv-00062, 2016 WL 6277618, at \*4 (S.D. Ind. Oct. 27, 2016) (citations and quotation marks omitted). To obtain a stay, the movant must show that good cause exists for the stay. *Id.* In determining whether good cause exists, the Court considers whether the stay will prejudice the non-movant, whether the stay will simplify the issues in the case, and whether the stay will reduce the burden of litigation for the parties or the court. *Id.*

Plaintiffs argue it was procedurally improper for the Magistrate to impose a discovery stay because no party requested it, and the Magistrate did not consider the relevant factors in determining whether a discovery stay was warranted. Plaintiffs contend that a stay would unduly prejudice them because the Court already determined that HEA 1420 is likely unconstitutional, and Plaintiffs have a strong interest in securing a final judgment as quickly as possible. Plaintiffs also argue that the Magistrate Judge clearly erred by refusing to reconsider the original stay order

because it reflects a misunderstanding of their position regarding further appeals. In their view, the Magistrate shifted to a new rationale by issuing a "stay of discovery" while the original stay order purported to stay "all proceedings and deadlines."

Plaintiffs' objections are well-taken, but the Magistrate Judge did not clearly err. While the Court understands the potential for confusion between the stay orders, context makes clear that the Magistrate originally intended to issue a discovery stay and did not rest its reconsideration order on a "new rationale." The Intervenor Defendants' original Motion to Stay may fairly be read as requesting a discovery stay. The Intervenor Defendants argued that a stay was appropriate because the Seventh Circuit was considering the "threshold jurisdictional issue of whether Plaintiffs have Article III standing to maintain their claims as against IURC." (Filing No. 119 at 12). The brief in support of the Motion marched through each factor relevant to the good cause analysis, and the Defendants ultimately concluded that a Seventh Circuit holding that Plaintiffs lack Article III standing would "obviat[e] the need for any discovery or further briefing." *Id.* at 4. Recognizing the appellate court's recent decision vacating the preliminary injunction on standing grounds as predicted by the Defendants, the Magistrate granted the stay. In denying reconsideration, the Magistrate recognized that the jurisdictional issue was still an open question, and therefore, a discovery stay remained the proper course. Because the Magistrate Judge is entitled to great deference on review, the Court cannot say she was mistaken in granting the Motion to Stay and denying reconsideration on this basis.

It matters not that IURC Defendant and Intervenor Defendants filed their Motions to Dismiss after the original stay was implemented, because resolving the motions would require no further discovery and the original stay was intended to streamline the case to address an important threshold issue. Plaintiffs tell the Court they are prepared to file dispositive motions without

further discovery, so they have not shown they will be prejudiced by a continued discovery stay. Because the Magistrate Judge did not clearly err and her ruling is contrary to law, Plaintiffs' objection is **overruled**.

### B. Position Statements

The parties timely filed their position statements, and they disagree as to how the case should proceed.  Plaintiffs request that the Court lift the current stay so the parties may proceed with discovery and any dispositive motions.  They propose that the Court consider any Motions to Dismiss and Motions for Summary Judgment concurrently in the interest of efficiency and judicial economy.  (Filing No. 137).

The Intervenor Defendants request that the proceedings remain stayed until resolution of the pending Motions to Dismiss. The Intervenor Defendants disagree with the Plaintiffs' contention that the Court should delay resolution of the Motions to Dismiss to decide the motions concurrently with any forthcoming summary-judgment motions because the dispositive motions deadline is not until later this fall.  (Filing No. 141); (Filing No. 142).

The IURC Defendants do not oppose continuing the stay pending resolution of the Motions to Dismiss, but they state that if the Court lifts the stay, the case should proceed according to the timeline set forth in the Case Management Plan.  (Filing No. 138).

As explained above, Plaintiffs have not shown that continuing the stay will prejudice them in further proceedings.  Accordingly, the Court finds the case shall proceed as follows. Considering the Seventh Circuit's holding that Plaintiffs lack standing to seek a preliminary injunction against the IURC Defendants and the continuing related proceedings before the Federal Energy Regulatory Commission, all discovery and related deadlines are **stayed** pending resolution of the Motions to Dismiss.  Should the case survive dismissal, the parties are **directed** to confer

with the Magistrate Judge regarding the remaining case deadlines.  The Court understands

Plaintiffs' desire for all parties to implement the remand instructions expeditiously and efficiently.

(Filing No. 137 at 5). Having granted Plaintiffs' unopposed motion for an extension of time (Filing

No. 151) the Court anticipates that no further extensions will be granted.

## IV.    CONCLUSION

For the reasons explained above, Plaintiffs' Objection to April 30, 2025, Order of the

Magistrate Judge Denying Motion to Reconsider Stay Order (Filing No. 152) is **OVERRULED**.

All discovery and related deadlines are **STAYED** pending resolution of the Defendants' Motions

to Dismiss.

**SO ORDERED**.


Date:    5/21/2025

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

James A. Barta
Office of the Indiana Attorney General
james.barta@atg.in.gov

Rebekah Bennett
Office of Indiana Attorney General
rebekah.bennett@atg.in.gov

Paul D. Clement
Clement & Murphy, PLLC
paul.clement@clementmurphy.com

Bradley Davis
Office of IN Attorney General
bradley.davis@atg.in.gov

Joseph DeMott
Clement & Murphy, PLLC
joseph.demott@clementmurphy.com

William R. Derasmo
Troutman Pepper
william.derasmo@troutman.com

Ian Heath Gershengorn
Jenner & Block LLP
igershengorn@jenner.com

Thomas R Jones
Lewis Kappes
tjones@lewis-kappes.com

Kevin Michael LeRoy
Troutman Pepper Hamilton Sanders LLP
kevin.leroy@troutman.com

Jenna Lorence
INDIANA ATTORNEY GENERAL
jenna.lorence@atg.in.gov

Erin E. Murphy
Clement & Murphy, PLLC
erin.murphy@clementmurphy.com

Kaitlin O'Donnell
Troutman Pepper Locke LLP
kaitlin.odonnell@troutman.com

Jade Poorman
Office of Indiana Attorney General
jade.poorman@atg.in.gov

Arjun Ramamurti
Jenner & Block LLP
aramamurti@jenner.com

Todd Arthur Richardson
LEWIS & KAPPES PC
trichardson@lewis-kappes.com

Melissa Megan Root
JENNER & BLOCK LLP
mroot@jenner.com

Matthew D. Rowen
Clement & Murphy, PLLC
matthew.rowen@clementmurphy.com

Zachary C. Schauf
JENNER & BLOCK LLP
zschauf@jenner.com

Aaron A. Schmoll
Lewis Kappes
aschmoll@lewis-kappes.com

Sierra Stockley
Troutman Pepper Locke LLP
sierra.stockley@troutman.com

Misha Tseytlin
Troutman Pepper Locke LLP
misha.tseytlin@troutman.com

James E. Zoccola
LEWIS & KAPPES PC
jzoccola@lewis-kappes.com