# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LSP Transmission Holdings II, LLC, et al., | ) )  ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) ) ) |
| James F. Huston, Chairman, Indiana Utility Regulatory Commission, et al., | ) ) ) ) |
| *Defendants,* | ) ) ) |
| Northern Indiana Public Service Company, et al., | ) ) ) ) |
| *Intervenor-Defendants.* | ) |

Case No. 1:24-cv-01722-TWP-MKK

## PLAINTIFFS' STATEMENT OF CLAIMS

Pursuant to this Court's case management plan, Dkt.122 §IV.B, LSP Transmission Holdings II, LLC, LS Power Midcontinent, LLC, Central Transmission, LLC, and LS Power Grid DRS Holdings, LLC (collectively, "Plaintiffs"), respectfully submit the following statement:

1. Plaintiffs are private companies that develop, compete for, and own electric transmission projects throughout the United States. Defendants are the Commissioners of the Indiana Utility Regulatory Commission ("IURC"), who are sued in their official capacities. Four large Indiana-based transmission companies—Duke Energy Indiana, LLC; Northern Indiana Public Service Company LLC; Indianapolis Power & Light Company; and Southern Indiana Gas and Electric Company (collectively, "Incumbents")—have intervened as Defendants. *See* Dkt.56. A fifth company, Commonwealth Edison Company of Indiana, Inc., has also intervened as a Defendant. *See* Dkt.108.

2. This lawsuit challenges the validity of Indiana House Enrolled Act 1420 ("HEA 1420"), which prevents Plaintiffs (and their subsidiaries and affiliates) from competing for valuable interstate transmission projects in Indiana. HEA 1420 gives special rights to an "incumbent electric transmission owner," defined as "a public utility that owns, operates, and maintains an electric transmission facility in whole or in part in Indiana." Ind. Code §8-1-38-2. Specifically, it gives incumbents "the right to construct, own, operate, and maintain" any "electric transmission facility that has been approved for construction through a regional organization planning process"—i.e., by an entity that manages the *inter*state grid—whenever the new project "connects to an electric transmission facility owned by the incumbent." *Id.* §8-1-38-9.

3. Plaintiffs claim that HEA 1420 violates the Commerce Clause, and this Court has already found that they are likely to succeed on the merits of that claim. *See* Dkt.70 at 15-19. It is well established that a state statute that discriminates against interstate commerce in favor of in-state commerce "is 'virtually *per se* invalid.'" *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 338 (2008) (quoting *Or. Waste Sys., Inc. v. Dep't of Env't Quality of Or.*, 511 U.S. 93, 99 (1994)). HEA 1420 implicates this rule three times over: It discriminates against out-of-state entities (such as Plaintiffs) on its face, in its effect, and in its purpose. It is facially discriminatory, cannot withstand strict scrutiny, and is unconstitutional. Indeed, HEA 1420 would flunk even the less demanding form of Commerce Clause scrutiny articulated in *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970), as its blatant discrimination against out-of-state competition is not justified by any valid public-welfare, consumer-protection, or other legitimate public purpose. In short, HEA 1420 violates the Commerce Clause because it is an "avowedly protectionist economic polic[y]," *Nat'l Pork Producers Council v. Ross*, 598 U.S. 356, 373 (2023).

4. Plaintiffs also claim that HEA 1420 is preempted by the Federal Power Act

("FPA"), which "vests in the Federal Energy Regulatory Commission (FERC) exclusive jurisdiction over wholesale sales of electricity in the interstate market." *Hughes v. Talen Energy Mktg., LLC*, 578 U.S. 150, 153 (2016). By purporting to control the selection process for development of interstate transmission lines, Indiana has intruded on that exclusive power, in effect substituting its own judgment of which developer should build federally regulated instrumentalities of interstate commerce for that of the actual federally regulated interstate entities, MISO and PJM, that manage them pursuant to the FPA.

5. Finally, Plaintiffs claim that HEA 1420 violates §23 of the Indiana Constitution, which was "intended to prohibit the Legislature from establishing monopolies, or granting special privileges." *Collins v. Day*, 644 N.E.2d 72, 77 (Ind. 1994). HEA 1420's grant of special rights to Incumbents is not "reasonably related" to any "inherent difference[]" between Incumbents and other qualified electric transmission providers. *Cf. Paul Stieler Enters., Inc. v. City of Evansville*, 2 N.E.3d 1269, 1273-78 (Ind. 2014). The mere fact that an incumbent entity owns a facility that connects to a planned new transmission line has no bearing on whether that entity is the best candidate to build, own, and maintain the new line. By nevertheless "creat[ing] a preference" for a handful of established incumbents, HEA 1420 "establishes an inequality among a class of citizens all of whom are equally meritorious." *Myers v. Crouse-Hinds Division of Cooper Industries, Inc.*, 53 N.E.3d 1160, 1166 (Ind. 2016). That is precisely what §23 forbids. *Id.* at 1165-66.

6. Plaintiffs believe that their claims are likely to be adjudicated through dispositive motion practice and do not anticipate a trial.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | s/Erin E. Murphy |
| TODD A. RICHARDSON | PAUL D. CLEMENT* |
| JAMES E. ZOCCOLA | ERIN E. MURPHY* |
| THOMAS JONES | MATTHEW D. ROWEN* |
| LEWIS KAPPES | JOSEPH J. DEMOTT* |
| One American Square | CLEMENT & MURPHY, PLLC |
| Suite 2500 | 706 Duke Street |
| Indianapolis, IN 46282 | Alexandria, VA 22314 |
| (317) 639-1210 | (202) 742-8900 |
|  | erin.murphy@clementmurphy.com |

*Admitted pro hac vice*

*Counsel for Plaintiffs*

July 7, 2025