## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

LSP TRANSMISSION HOLDINGS II, LLC,
et al.,

       *Plaintiffs,*

*v.*

JAMES F. HUSTON, *Chairman, Indiana Utility Regulatory Commission*, et al.,

       *Defendants,*

*and*

NORTHERN INDIANA PUBLIC SERVICE COMPANY, et al.,

       *Intervenor Defendants.*

Case No. 1:24-cv-01722-TWP-MKK

## DEFENDANTS' AND INTERVENOR DEFENDANTS' JOINT MOTION FOR CLARIFICATION

Intervenor Defendants Northern Indiana Public Service Company, Indianapolis Power & Light Company d/b/a AES Indiana, Southern Indiana Gas and Electric Company d/b/a CenterPoint Energy Indiana South, and Duke Energy Indiana, LLC (collectively, "Intervenor Defendants"); the Indiana Utility Regulatory Commission Defendants James F. Huston, Wesley R. Bennett, Sarah E. Freeman, David E. Veleta, and David E. Ziegner (collectively, the "IURC Defendants"); and Intervenor Defendant Commonwealth Edison Company of Indiana, Inc. ("ComEd Indiana") move for clarification regarding this Court's May 21, 2025 Entry On Plaintiffs' Objection To Magistrate Judge's Order And Entry Following The Parties'

Position Statements (the "May 21 Order"). Dkt.153. The May 21 Order overruled Plaintiffs LSP Transmission Holdings II, LLC, LS Power Midcontinent, LLC, Central Transmission, LLC, and LS Power Grid DRS Holdings, LLC's (collectively, "Plaintiffs") objection to Magistrate Judge Klump's April 30, 2025 decision denying reconsideration of the March 19, 2025 order staying this case. *See id.* As a result, Intervenor Defendants, the IURC Defendants, and ComEd Indiana understand that all deadlines set forth in this Court's Case Management Order, Dkt.122, are stayed pending this Court's resolution of the parties' Motions To Dismiss, Dkts.139, 143, 145. Plaintiffs, however, have informed the parties that they take a very different view of this Court's May 21 Order, and interpret that Order to have stayed only certain case deadlines while leaving active various other, unspecified case deadlines. Because Plaintiffs' position is inconsistent with both the May 21 Order and the Case Management Order, Intervenor Defendants, the IURC Defendants, and ComEd Indiana respectfully ask this Court to clarify that its May 21 Order stayed all deadlines in this case pending resolution of the parties' Motions To Dismiss. In support of this Motion For Clarification, these parties state as follows:

1.    On March 13, 2025, the U.S. Court of Appeals for the Seventh Circuit issued an opinion concluding that Plaintiffs lacked Article III standing to seek the preliminary injunction that they requested in this matter. *LSP Transmission Holdings II, LLC v. Huston*, 131 F.4th 566 (7th Cir. 2025). On March 19, 2025, Magistrate Judge Klump issued an order (i) granting Intervenor Defendants' then-pending Motion To Stay, (ii) staying all proceedings and deadlines in this matter

pending further order of the Court, and (iii) directing the parties to file a joint status report after Plaintiffs' time to appeal the Seventh Circuit's decision expired. Dkt.131.

2.      Plaintiffs moved for reconsideration of the Magistrate Judge's stay order, noting that they did not intend to seek further appellate review of the Seventh Circuit's decision. Dkt.132 at 1. They asked that the stay be lifted so that the parties could proceed with "concurrent dispositive motions: a motion to dismiss from Intervenor-Defendants and a motion for summary judgment by Plaintiffs." *Id.* ¶ 10. Intervenor Defendants opposed reconsideration, representing to the Court that, in light of the Seventh Circuit's opinion, they intended to file a motion to dismiss for lack of subject matter jurisdiction on or before April 25, 2025. Dkt.134 at 1–2. As Intervenor Defendants explained, a stay of this matter was appropriate so that the parties could avoid the costs of discovery and preparing summary judgment briefing pending a determination on whether Plaintiffs have Article III standing to proceed with this litigation. *Id.* at 7–9.

3.      On April 25, 2025, Intervenor Defendants, the IURC Defendants, and ComEd Indiana each filed a Motion To Dismiss this case for lack of subject matter jurisdiction. Dkts.139, 143, 145. A few days later, on April 30, 2025, Magistrate Judge Klump entered an order denying Plaintiffs' request to reconsider the stay. Dkt.147.

4.      Plaintiffs objected to the Magistrate Judge's reconsideration order. Dkt.152. Specifically, they asked this Court to "vacate the Reconsideration Order" and "lift the stay." *Id.* at 14. In the alternative, Plaintiffs asked this Court to "clarify

that the stay does not prohibit Plaintiffs from filing a summary judgment motion whenever they are ready to do so." *Id.* at 13.

5.     The parties' responses to Plaintiffs' objection were due on May 28, 2025. *See* S.D. Ind. L.R. 7-1(c)(3)(A). Before any party filed a response, this Court entered the May 21 Order, overruling Plaintiffs' objection to the Magistrate Judge's reconsideration order. Dkt.153.

6.     In the May 21 Order, this Court explained that the "original stay was intended to streamline the case to address an important threshold issue"—namely, whether Plaintiffs have Article III standing to bring this case. *Id.* at 6. The Court then carefully went through each of the parties' positions, noting Plaintiffs' requests that the Court (i) "lift the current stay so the parties may proceed with discovery and any dispositive motions," and (ii) "consider any Motions to Dismiss and Motions for Summary Judgment concurrently in the interest of efficiency and judicial economy." *Id.* at 7. Ultimately, however, the Court rejected both of Plaintiffs' requests, explaining that Plaintiffs failed to "show[ ] that continuing the stay will prejudice them in further proceedings." *Id.*

7.     Consistent with that conclusion, this Court held that, "[c]onsidering the Seventh Circuit's holding that Plaintiffs lack standing to seek a preliminary injunction against the IURC Defendants and the continuing related proceedings before the Federal Energy Regulatory Commission, all discovery and related deadlines are **stayed** pending resolution of the Motions to Dismiss." *Id.* The Court

further directed the parties to "confer with the Magistrate Judge regarding the remaining case deadlines" to the extent the case survives dismissal.  *Id.* at 7–8.

8.    On July 7, 2025, with briefing on the Motions To Dismiss already completed and the parties awaiting a decision as to whether this case would be dismissed, Plaintiffs filed a "Statement of Claims" on the docket, Dkt.158, apparently pursuant to Section IV(B) of the Case Management Order (governing "Discovery and Dispositive Motions"), *see* Dkt.122 at 10.  Shortly thereafter, Intervenor Defendants reached out to Plaintiffs to obtain clarity as to Plaintiffs' interpretation of this Court's May 21 Order.  In response, Plaintiffs stated that "[w]e do not view the court's order that each party 'file a statement of the claims or defenses it intends to prove at trial' to establish a discovery-related deadline."  Ex. A (July 11, 2025 Email from Joe DeMott to Intervenor Defendants' Counsel).

9.    In other words, Plaintiffs appeared to be taking the position that the May 21 Order stayed some of the deadlines in the Case Management Order, while leaving other, unspecified deadlines active.

10.    Plaintiffs have since doubled down on their misinterpretation of this Court's May 21 Order.  On August 4, 2025, Plaintiffs' counsel notified the parties that Plaintiffs intend to file a motion for partial summary judgment on their Commerce Clause claim later this week.  Ex. B (August 4, 2025 Email from Joe DeMott to Defendants' Counsel).  In that same email, Plaintiffs appeared to presume that the parties would be filing cross motions per this Court's Local Rules and the stayed Case Management Order.  *See id.*  Taking this together with their prior statement, it

appears that Plaintiffs are operating under the assumption that this Court's stay of all "discovery and related deadlines" did not encompass all of the remaining deadlines in the Case Management Order, including the dispositive motions deadlines that are logically tied to the completion of discovery.

11.    Plaintiffs' interpretation of the May 21 Order is incorrect.  As an initial matter, in their objection, Plaintiffs expressly requested that this Court "clarify that the stay does not prohibit Plaintiffs from filing a summary judgment motion whenever they are ready to do so." Dkt.152 at 13.  The May 21 Order contains no such "clarif[ication]."  *See generally* Dkt.153.  Rather, that Order is clear that "Plaintiffs' objection is **overruled**." *Id.* at 7.  Had this Court intended certain case deadlines to remain active, it would have said so, rather than making the parties guess which case deadlines are inoperative and which they still need to meet.

12.    In addition, ***all*** remaining deadlines in the Case Management Order are "discovery and related deadlines," *see id.* at 8, and so all are stayed pending this Court's ruling on the Motions To Dismiss.  That includes the "statement of the claims or defenses" and "dispositive motions" deadlines set forth in Section IV of the Case Management Order.  *See* Dkt.122 at 9–10.  These deadlines all involve the post-pleadings phase of the litigation, where a movant is required to submit factual proof in support of its claims.  *See, e.g.*, Fed. R. Civ. P. 56(c); S.D. Ind. L.R. 56-1(e) (requiring a party to "support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence").

13.    Although Plaintiffs apparently contend that they will not be relying on any discovery in their anticipated motion for partial summary judgment, Plaintiffs' unilateral decision not to rely on discovery does not transform the dispositive motions deadline into a non-discovery-related deadline.  Most importantly, *Defendants cannot adequately oppose a motion for summary judgment under Rule 56 without engaging in discovery (including expert reports) as to Plaintiffs' Commerce Clause claim. Similarly, Defendants cannot adequately cross move on Plaintiffs' Commerce Clause claim (as anticipated in this Court's practices and procedures) without engaging in discovery*.

14.    Plaintiffs' interpretation of the May 21 Order would also undermine the purpose of the stay, which is to "streamline the case to address an important threshold issue."  Dkt.153 at 6.  As Intervenor Defendants have explained, if this Court dismisses this case, that decision will "obviat[e] the need for any . . . further briefing."  *Id.* (quoting Dkt.119 at 4).  By contrast, Plaintiffs' reading of the May 21 Order will require the parties to incur significant costs briefing a motion for partial summary judgment that will be moot if the Court determines that Plaintiffs lacked Article III standing to file this litigation.  That cannot be the result that this Court intended when it overruled Plaintiffs' objection.

15.    Accordingly, Intervenor Defendants, the IURC Defendants, and ComEd Indiana request that this Court enter an order clarifying that all deadlines in the Case Management Order are stayed, including the deadlines for statements of claims, dispositive motions, and responses to any partial summary judgment motion(s) that

Plaintiffs may file while the stay is in place, while making clear that no party has to respond to any such summary judgment motion(s) unless and until this Court lifts the stay.

WHEREFORE, Intervenor Defendants, the IURC Defendants, and ComEd Indiana respectfully request that this Court clarify that all deadlines in the Case Management Order, Dkt.122, were stayed pursuant to the Magistrate Judge's orders, Dkts.131, 147, and the May 21 Order, Dkt.153, including the deadlines for statements of claims, dispositive motions, and responses to any partial summary judgment motion(s) that Plaintiffs may file while the stay is in place, while making clear that no party has to respond to any such summary judgment motion(s) unless and until this Court lifts the stay.

[SIGNATURES ON NEXT PAGE]

Dated: August 5, 2025

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana

JAMES A. BARTA
Solicitor General

*/s/ Jenna M. Lorence*
JENNA M. LORENCE
Deputy Solicitor General

Office of the Attorney General
IGC South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
(463) 261-6184
Jenna.Lorence@atg.in.gov

*Counsel for Defendants*


*/s/ Zachary C. Schauf*
Zachary C. Schauf (*pro hac vice*)
Arjun R. Ramamurti (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave. N.W. Suite 900
Washington, DC 20001
(202) 639-6000 (Telephone)
zschauf@jenner.com
aramamurti@jenner.com

Melissa Root
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350 (Telephone)
mroot@jenner.com

*Counsel for Commonwealth Edison
Company of Indiana, Inc.*

*/s/ Misha Tseytlin*
MISHA TSEYTLIN
*Counsel of Record*
KEVIN M. LEROY
KAITLIN L. O'DONNELL
TROUTMAN PEPPER
LOCKE LLP
111 South Wacker Drive
Suite 4100
Chicago, Illinois 60606
(608) 999-1240 (MT)
(312) 759-1938 (KL)
(302) 777-6541 (KO)
misha.tseytlin@troutman.com
kevin.leroy@troutman.com
kaitlin.odonnell@troutman.com

WILLIAM R. DERASMO
TROUTMAN PEPPER
LOCKE LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004
(202) 274.2886
william.derasmo@troutman.com

*Counsel for Northern Indiana Public
Service Company, Indianapolis Power
& Light Company d/b/a AES Indiana,
Southern Indiana Gas and Electric
Company d/b/a CenterPoint Energy
Indiana South, and Duke Energy
Indiana, LLC*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2025, a true and accurate copy

of the foregoing was served via the Court's CM/ECF system upon all counsel of record.


*/s/ Misha Tseytlin*
MISHA TSEYTLIN