**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LSP TRANSMISSION HOLDINGS II, LLC, et al., | |
| Plaintiffs, | |
| v. | No. 1:24-cv-01722-TWP-MKK |
| JAMES F. HUSTON, Chairman, Indiana Utility Regulatory Commission, et al., | |
| Defendants, | |
| NORTHERN INDIANA PUBLIC SERVICE COMPANY, et al., | |
| Intervenor Defendants | |

**PLAINTIFFS' OPPOSITION TO**
**DEFENDANTS' MOTION FOR CLARIFICATION**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................ii

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................. 3

      A.     This Court Preliminarily Enjoins Enforcement of HEA 1420, and a Divided Seventh Circuit Panel Vacates the Injunction on Redressability Grounds.................................................................................................... 3

      B.     On Remand, Defendants Obtain a Stay of "Discovery and Related Deadlines"............................................................................................... 4

      C.     Defendants Move to Expand the Stay to Cover "All Deadlines in This Case"......................................................................................................... 5

ARGUMENT.................................................................................................................. 6

I.     Defendants Have No Basis For Seeking "Clarification," As This Court's Prior Order Was Crystal Clear:  Discovery Is Stayed, But Dispositive-Motions Practice Is Not.................................................................................................. 6

II.     Granting Defendants' Request For Indefinite Delay Would Exacerbate The Irreparable Harm That HEA 1420 Is Inflicting On Plaintiffs And Consumers Across Two Dozen States ....................................................................... 10

CONCLUSION............................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Cap. One, Nat'l Ass'n v. Halland Cos.*,
  2017 WL 3769229 (E.D.N.Y. Aug. 28, 2017) ............................................................. 8

*Common Cause Ind. v. Lawson*,
  2018 WL 4853569 (S.D. Ind. Oct. 5, 2018) ............................................................. 10

*Elmore v. Artisan & Truckers Cas. Co.*,
  2020 WL 4571095 (D. Colo. Aug. 7, 2020) ............................................................. 8

*Est. of Saenz v. Bitterman*,
  2020 WL 6119469 (D. Colo. Oct. 15, 2020) ............................................................. 1, 8

*F.C. Bloxom Co. v. Tom Lange Co. Int'l*,
  109 F.4th 925 (7th Cir. 2024) ............................................................. 8, 9

*Huene v. U.S. Dep't of Treasury*,
  2012 WL 1681940 (E.D. Cal. May 14, 2012) ............................................................. 8

*Hughes v. Oklahoma*,
  441 U.S. 322 (1979) ............................................................. 9

*Jackson v. First Fed. Sav. of Ark., F.A.*,
  709 F.Supp. 887 (E.D. Ark. 1989) ............................................................. 7

*James River Ins. Co. v. Medolac Lab'ys*,
  290 F. Supp. 3d 956 (C.D. Cal. 2018) ............................................................. 8

*LSP Transmission Holdings II, LLC v. Huston*,
  131 F.4th 566 (7th Cir. 2025) ............................................................. 3, 4, 10

*NextEra Energy Cap. Holdings, Inc. v. Jackson*,
  756 F. Supp. 3d 428 (W.D. Tex. 2024) ............................................................. 9

*Rowe v. Dillow*,
  2018 WL 5044702 (S.D. Ind. Oct. 17, 2018) ............................................................. 7

*Smith v. OSF HealthCare Sys.*,
  933 F.3d 859 (7th Cir. 2019) ............................................................. 9

*Sterk v. Redbox Automated Retail, LLC*,
  770 F.3d 618 (7th Cir. 2014) ............................................................. 9

*U.S. Automatic Sprinkler, Co. v. Reliable Automatic Sprinkler Co.*,
  2010 WL 1266659 (S.D. Ind. Mar. 25, 2010) ............................................................. 10

*United States v. Virginia*,
    518 U.S. 515 (1996)................................................................................................ 10

**Statute and Rules**

Ind. Code §8-1-38-9............................................................................................................ 3

Fed. R. Civ. P. 1................................................................................................................. 10

Fed. R. Civ. P. 56(d)........................................................................................................... 9

**Other Authority**

Motion to Dismiss or, in the Alternative, Motion for Leave to Respond and
    Answer of MISO, *LSP Transmission Holdings II, LLC v. MISO, Inc.*,
    No. EL25-55-000 (FERC Mar. 19, 2025), https://tinyurl.com/4rsearue................................... 4

## INTRODUCTION

This Court has already considered the parties' position statements and issued an order "outlin[ing] how the case will proceed on remand." Dkt.153 ("Order") at 2. Unsurprisingly, the parties took diametrically opposed positions. Defendants asked the Court "to stay all further proceedings in this case" while it adjudicates their motions to dismiss. Dkt.142 at 1-2; Dkt.141 at 2; *accord* Dkt.138 at 1. Plaintiffs opposed any stay, particularly a "one-sided stay" in which "only [Defendants] but not Plaintiffs could file a dispositive motion." Dkt.137 at 5-6. This Court struck a sensible balance: It granted Defendants a stay, but limited it to "discovery and related deadlines," Order.8, thus allowing both sides to file dispositive motions based on legal issues that do not require discovery.

Under the guise of seeking "clarification" of the Court's Order, Defendants have now filed what is effectively a motion for reconsideration, renewing their request for a stay of "all deadlines in this case" until their motions to dismiss are resolved. Dkt.163 ("Mot.") at 2. That motion should be rejected out of hand. The Order contains no ambiguity that might require "clarification"; it makes abundantly clear that only "discovery and related deadlines" are stayed. Order.7-8. And this limited stay obviously does not preclude Plaintiffs from moving for summary judgment based on the existing record (as they have now done, Dkt.164) or affect Defendants' deadline to oppose that motion. After all, it is axiomatic that "discovery deadlines are different from deadlines to respond to motions for summary judgment." *Est. of Saenz v. Bitterman*, 2020 WL 6119469, at *2 (D. Colo. Oct. 15, 2020). Indeed, the Order explains—in a line of reasoning that Defendants inexplicably ignore—that Plaintiffs would not "be prejudiced by a continued discovery stay" because they were "prepared to file dispositive motions without further discovery." Order.6-7. Defendants cannot manufacture ambiguity by pretending the Court did not already decide this

issue. The Order stays discovery, but it plainly does not extend Defendants' deadline to respond to Plaintiffs' pending motion for summary judgment.

Besides improperly (and unpersuasively) rehashing an issue that the Court already resolved, Defendants' request to indefinitely postpone their briefing deadline is patently inequitable. This Court has already held that the Indiana statute at issue, House Enrolled Act 1420 of 2023 ("HEA 1420"), inflicts two distinct forms of irreparable harm on Plaintiffs: It bars them from "competing for business opportunities" and deprives them of constitutional rights. Dkt.70 at 20. These harms are anything but conjectural. Midcontinent Independent System Operator ("MISO"), which serves much of Indiana, has already assigned incumbent utilities at least 12 new Indiana facilities in Tranche 2.1 of its Long-Range Transmission Planning ("LRTP") initiative—collectively valued at well over $850 million—that would have been open to competition if not for HEA 1420. Dkt.166 ¶24. PJM Interconnection, LLC ("PJM"), which serves the rest of Indiana, is just months away from awarding new regional transmission projects in the state, and more MISO projects (including LRTP Tranche 2.2) are also on the horizon. *Id.* ¶25 & n.21. Granting Defendants' request to indefinitely postpone resolution of Plaintiffs' pending motion for summary judgment would create a serious risk that these forthcoming projects will be assigned to incumbent utilities pursuant to an unconstitutional law, *see* Dkt.70 at 15-20, inflicting even more irreparable harm on Plaintiffs and saddling consumers across two dozen states with higher electricity prices. Defendants' motion for reconsideration should be denied, and Plaintiffs' summary-judgment motion should be resolved expeditiously.

## BACKGROUND

**A.**   **This Court Preliminarily Enjoins Enforcement of HEA 1420, and a Divided
Seventh Circuit Panel Vacates the Injunction on Redressability Grounds.**

On December 6, 2024, this Court entered a preliminary injunction prohibiting the IURC

Defendants from enforcing HEA 1420, which grants electric utilities with a physical presence in

Indiana the exclusive right to build, own, and maintain new regional transmission projects within

the state.  Dkt.70, 71; *see* Ind. Code §8-1-38-9.  These projects are approved by federally regulated

regional transmission operators—MISO and PJM—and would generally be open to competitive

bidding if not for HEA 1420.  Dkt.70 at 3-5, 11.  The Court held that Plaintiffs have standing to

challenge HEA 1420 because it "impinges on [their] right to bid for those projects," *id.* at 10-11,

and that HEA 1420 is likely unconstitutional because it facially discriminates against interstate

commerce, triggering "strict scrutiny," which it "cannot withstand," *id.* at 19.

Defendants appealed, and on March 13, 2025, the Seventh Circuit issued a divided decision

holding that Plaintiffs lacked standing to seek a preliminary injunction.  The panel majority found

that the preliminary injunction was not redressing Plaintiffs' injuries because MISO—the entity

that actually assigned the projects then at issue—took the position that it had to continue applying

HEA 1420 notwithstanding this Court's preliminary injunction.  *LSP Transmission Holdings II,

LLC v. Huston*, 131 F.4th 566, 584 (7th Cir. 2025) ("[P]laintiffs lacked standing to seek the

preliminary injunction here because the injunction against the IURC did not oblige MISO … to

act in any particular way.  Nor did the injunction prompt MISO to modify its actions.").  The panel

majority took pains to emphasize that it "d[id] not intend to imply any conclusion about whether

plaintiffs would have standing to seek a permanent injunction against the IURC Commissioners

under a theory that MISO would feel itself bound by a final judgment treating HEA 1420 as

3

unconstitutional." *Id.*[1]  Accordingly, the panel majority neither addressed the merits nor ordered dismissal, but instead remanded for further proceedings consistent with its opinion.  *Id.*  Judge Scudder dissented from the panel's holding on standing and proceeded to agree with this Court's analysis on the merits, concluding that HEA 1420 is facially discriminatory, "fails to satisfy strict scrutiny," and so "violates the dormant dimension of the Commerce Clause."  *Id.* at 591, 593 (Scudder, J., dissenting).

>   **B.      On Remand, Defendants Obtain a Stay of "Discovery and Related Deadlines."**

While the appeal was still pending, the four original Intervenor-Defendants (collectively, "Incumbents") moved to stay proceedings in this Court "pending the Seventh Circuit's forthcoming decision … and the resolution or conclusion of any proceedings at the U.S. Supreme Court."  Dkt.118 at 2; *see* Dkt.119.  Plaintiffs opposed that motion, explaining that "staying this case would risk prejudicing Plaintiffs by prolonging their exposure to the harmful effects of [HEA 1420]," given MISO's announcement that it would "continue to rely on HEA 1420—thus preventing Plaintiffs from competing for new Indiana projects—until there is a *final* judicial determination that HEA 1420 is unconstitutional."  Dkt.123 at 1.

A few days after the Seventh Circuit issued its decision, the Magistrate Judge issued a brief order granting Incumbents' motion to stay the case.  Dkt.131.  Plaintiffs sought reconsideration, explaining that they had decided not to seek any further appellate review of the Seventh Circuit's decision and wished to proceed with the remand without delay.  *See* Dkt.132.  The Magistrate

---

[1] MISO has now made crystal clear that it "*does* interpret its Tariff to preclude it from giving any effect to HEA 1420 if a federal court were to issue a *final* judgment on the merits declaring that law unconstitutional."  Motion to Dismiss or, in the Alternative, Motion for Leave to Respond and Answer of MISO at 8, *LSP Transmission Holdings II, LLC v. MISO, Inc.*, No. EL25-55-000 (FERC Mar. 19, 2025), https://tinyurl.com/4rsearue (emphasis added); *accord* Amicus Br. of MISO, CA7.Dkt.81 at 17-18 & n.11 (Jan. 22, 2025).

Judge denied reconsideration in a short order stating that "[a] stay *of discovery* is often warranted when a party raises dispositive threshold issues, such as standing, jurisdiction, or qualified immunity." Dkt.147 at 1 (emphasis added). Plaintiffs objected to the Magistrate Judge's decision under Federal Rule of Civil Procedure 72(a), asking this Court to "lift the stay," which had been phrased as a stay of "[a]ll proceedings and deadlines," Dkt.152 at 8 (quoting Dkt.131), or, in the alternative, to clarify that the stay "is limited to discovery" and "does not prohibit Plaintiffs from filing a summary judgment motion whenever they are ready to do so," *id.* at 13.

On May 21, 2025, this Court entered an order resolving Plaintiffs' Rule 72 objection and "outlin[ing] how the case will proceed on remand." Order.2. The Court explained that Plaintiffs' objections—including their contention that a stay of all deadlines "would unduly prejudice them"—were "well-taken." *Id.* at 5-6. The Court found, however, that "[t]he Intervenor Defendants' original Motion to Stay may fairly be read as requesting a discovery stay," rather than a stay of all proceedings; "the Magistrate originally intended to issue a discovery stay"; and, "[i]n denying reconsideration, the Magistrate recognized that … a discovery stay remained the proper course." *Id.* at 6. And, while the Court recognized Plaintiffs' strong interest in proceeding expeditiously toward final judgment, *id.* at 5-6, 8, it determined that Plaintiffs would not "be prejudiced by a continued discovery stay" because they were "prepared to file dispositive motions without further discovery." *Id.* at 6-7. The Court accordingly denied Plaintiffs' request to lift the stay but expressly clarified its limited scope, *see* Dkt.152 at 13, stating that "*discovery and related deadlines* are stayed pending resolution of the Motions to Dismiss," Order.8 (emphasis added).

**C.    Defendants Move to Expand the Stay to Cover "All Deadlines in This Case."**

In accordance with the Court's ruling that only discovery is stayed—and with the linchpin of its reasoning, i.e., that Plaintiffs would not be prejudiced because they could "file dispositive motions without further discovery," *id.* at 6-7—Plaintiffs prepared a motion for partial summary

5

judgment on their Commerce Clause claim.  Dkt. 164 at 1.  In compliance with this Court's standing order, Plaintiffs' counsel contacted Defendants' counsel on August 4, 2025, to inform them that Plaintiffs were poised to seek summary judgment and ask whether any Defendant planned to file a cross-motion for summary judgment.  Dkt.163-2.  Before responding, Defendants filed a motion—without giving Plaintiffs advance notice, let alone seeking and reporting their position, *but see* Dkt.83 at 2 (emphasizing conferral requirement)—asking the Court to "clarify" that its Order had "stayed all deadlines in this case," such that "no party has to respond to any … summary judgment motion(s) unless and until this Court lifts the stay."  Mot.2, 8.

This Court should deny Defendants' motion for the reasons set forth below.

## ARGUMENT

**I.  Defendants Have No Basis For Seeking "Clarification," As This Court's Prior Order Was Crystal Clear:  Discovery Is Stayed, But Dispositive-Motions Practice Is Not.**

This Court's Order could hardly have been clearer about the limited scope of the current stay.  The Court construed Incumbents' "original Motion to Stay … as requesting a discovery stay," Order.6; determined that the Magistrate Judge entered (and denied reconsideration of) "a discovery stay," *id.*; and repeatedly confirmed that the stay covers *only* "discovery and related deadlines," *id.* at 7-8.  The Court reasoned that this "discovery stay" did not preclude Defendants from filing their motions to dismiss "because resolving the motions would require no further discovery."  *Id.* at 6.  And, applying the test for when "[a] court may stay discovery," *id.* at 5, the Court concluded that Plaintiffs would not be prejudiced by a "discovery stay"—despite their "strong interest in securing a final judgment as quickly as possible," *id.*—because they were "prepared to file dispositive motions without further discovery," *id.* at 6-7.  In short, the Court's ruling made abundantly clear that the stay evenhandedly pauses discovery but permits all parties to file (and fully brief) dispositive motions that do not require discovery.  *Id.* at 7.

6

Defendants now seek an order announcing that "[a]ll deadlines in the Case Management Order, including the deadlines for … dispositive motions, are stayed." Dkt.168 at 2. That is not a motion for "clarification"; it is a motion for reconsideration. Defendants already asked the Court to "stay all further proceedings in this case" pending resolution of their motions to dismiss. Dkt.142 at 1-2; Dkt.141 at 2; *accord* Dkt.138 at 1. This Court considered and rejected that request, concluding that only "discovery and related deadlines are stayed," and expressly recognizing that this "discovery stay" allows Plaintiffs to "file dispositive motions without further discovery." Order.6-7 (emphasis omitted). Defendants' pending motion thus seeks "a re-do of a matter that has already received the court's attention." *Rowe v. Dillow*, 2018 WL 5044702, at *1 (S.D. Ind. Oct. 17, 2018) (Pratt, J.). Such requests are "disfavored" and will not be granted absent a showing of extraordinary circumstances that Defendants have not even attempted to (and plainly cannot) make. *Id.* That alone is reason enough to deny Defendants' motion.

Defendants' motion is not just procedurally improper but substantively meritless. Defendants' contention that "*all* remaining deadlines in the Case Management Order are 'discovery and related deadlines,'" Mot.6, is obviously incorrect. "Discovery" refers to the use of the information-gathering tools governed by Federal Rules of Civil Procedure 26 through 37—i.e., depositions, interrogatories, requests for the production of documents and other items, inspections of land, physical and mental examinations, and requests for admission. When a court stays discovery and related deadlines, it prohibits the parties from using these tools and eliminates any otherwise-applicable deadlines for doing so. *See, e.g.*, *Jackson v. First Fed. Sav. of Ark., F.A.*, 709 F.Supp. 887, 889 (E.D. Ark. 1989) (discussing scope of a "stay of discovery").

Summary judgment is neither a form of discovery nor "logically tied to the completion of discovery," as Defendants assert without citation, Mot.6. On the contrary, Rule 56 "authorizes

7

parties to move for summary judgment … regardless of whether discovery has been completed or even begun." *F.C. Bloxom Co. v. Tom Lange Co. Int'l*, 109 F.4th 925, 935 (7th Cir. 2024). Accordingly, when a court stays discovery, that stay does not preclude the parties from submitting (and fully briefing) summary-judgment motions based on the existing record. *See, e.g.*, *Elmore v. Artisan & Truckers Cas. Co.*, 2020 WL 4571095, at *2 (D. Colo. Aug. 7, 2020); *Cap. One, Nat'l Ass'n v. Halland Cos.*, 2017 WL 3769229, at *2 (E.D.N.Y. Aug. 28, 2017); *Huene v. U.S. Dep't of Treasury*, 2012 WL 1681940, at *3 (E.D. Cal. May 14, 2012). That is precisely why at least one court has expressly rejected Defendants' argument that "a stay of discovery" prohibits a plaintiff from "mov[ing] for partial summary judgment" on the existing record. *James River Ins. Co. v. Medolac Lab'ys*, 290 F. Supp. 3d 956, 962-63 (C.D. Cal. 2018).

In short, it is well settled that "discovery deadlines are different from deadlines to respond to motions for summary judgment." *Est. of Saenz*, 2020 WL 6119469, at *2. The present stay plainly covers the former but not the latter. Order.6-8. Indeed, it would be especially strange for "discovery stay" to mean a stay of "all remaining deadlines" here, as the distinction between those two very different kinds of stays featured prominently in the Order and the parties' arguments leading up to it. *See id.* at 6. The Court recognized that it would not have made any sense for the Magistrate Judge to stay *all proceedings* in district court following the Seventh Circuit's decision given Plaintiffs' commitment not to seek further review of that decision, and was able to uphold the Magistrate Judge's order only by concluding that it was always meant to be "a discovery stay." *Id.* What is more, the Court expressly recognized that this more limited stay would not prejudice Plaintiffs because they could still "file dispositive motions without further discovery." *Id.* at 6-7. Defendants' view that a discovery stay encompasses "all deadlines in this case," Mot.2, not only is textually untenable but also ignores this crucial feature of the Court's order.

8

Nor can Defendants transform their deadline to respond to Plaintiffs' summary-judgment motion into a "discovery-related" deadline by asserting that they "cannot adequately oppose [the] motion … without engaging in discovery." Mot.7 (emphasis omitted). Again, the default rule is that summary judgment may be granted *without* discovery, as "discovery is not an end unto itself" and "becomes futile and wasteful" when, as here, undisputed facts "conclusively establish[] … a party's entitlement to relief." *F.C. Bloxom Co.*, 109 F.4th at 936; *see also, e.g.*, *Smith v. OSF HealthCare Sys.*, 933 F.3d 859, 864-65 (7th Cir. 2019) ("[A] court need not delay decision on a summary judgment motion to allow time for discovery on an obviously meritless … defense."). Plaintiffs have filed a properly supported motion for summary judgment, so Defendants now have the "burden to identify material facts needed to oppose summary judgment." *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 628 (7th Cir. 2014); *see* Fed. R. Civ. P. 56(d). Nothing prevents Defendants from filing a Rule 56(d) motion if they believe summary-judgment is premature. But Rule 56(d) requires the party seeking to delay summary-judgment to "demonstrate[] that 'it cannot present facts essential to justify its opposition,'" supporting its request "with a sworn 'affidavit or declaration' that gives 'specific reasons.'" *F.C. Bloxom Co.*, 109 F.4th at 936. Defendants cannot avoid responding to Plaintiffs' summary-judgment motion by simply asserting, with no elaboration, that they need "discovery (including expert reports)" to "adequately oppose" it, Mot.7 (emphasis omitted)—especially when they have already had more than six months to develop whatever evidence they might wish to introduce.[2]

---

[2] To be clear, any Rule 56(d) motion would fail. As another federal district court recently explained in granting LSP's motion for judgment on the pleadings—over the state's request for discovery—in a challenge to a substantially similar Texas law, a state's efforts to justify a facially discriminatory law must be "limited to the legislature's stated purposes at the time of adoption; post-hoc rationalizations are not permitted." *NextEra Energy Cap. Holdings, Inc. v. Jackson*, 756 F. Supp. 3d 428, 448 (W.D. Tex. 2024) (citing *Hughes v. Oklahoma*, 441 U.S. 322, 338 n.20 (1979);

**II.    Granting Defendants' Request For Indefinite Delay Would Exacerbate The Irreparable Harm That HEA 1420 Is Inflicting On Plaintiffs And Consumers Across Two Dozen States.**

Even if Defendants' request to indefinitely postpone their briefing deadline were not foreclosed by this Court's prior order, the Court should deny it as patently inequitable. *See U.S. Automatic Sprinkler, Co. v. Reliable Automatic Sprinkler Co.*, 2010 WL 1266659, at \*4 (S.D. Ind. Mar. 25, 2010) ("District courts are empowered with broad discretion to set and enforce deadlines[.]"); *Common Cause Indiana v. Lawson*, 2018 WL 4853569, at \*3 (S.D. Ind. Oct. 5, 2018) (Pratt, J.) ("This Court has the duty to 'secure the just, speedy, and inexpensive determination of every action and proceeding.'" (quoting Fed. R. Civ. P. 1)).  The Court has already held—and the Seventh Circuit did not dispute—that HEA 1420 inflicts at least two forms of ongoing irreparable injury on Plaintiffs.  Dkt.70 at 20; *see LSP Transmission Holdings II*, 131 F.4th at 586, 596 (Scudder, J., dissenting).  Delaying resolution of Plaintiffs' pending motion for summary judgment would prolong and exacerbate these grave harms—all the more so now that PJM is actively developing new regional transmission projects in Indiana.  And that is no accident: The ongoing harm to Plaintiffs and consumers is a corresponding boon to Incumbents.

As this Court recognized in granting a preliminary injunction, "a company is irreparably harmed if it is disadvantaged in—let alone completely barred from—competing for business opportunities."  Dkt.70 at 20.  That irreparable harm spans both MISO and PJM projects.  And it calls for timely action by this Court.  Plaintiffs are currently participating in PJM's open window for competitive proposals for its Regional Transmission Expansion Plan, and PJM has indicated

---

*United States v. Virginia*, 518 U.S. 515, 533 (1996)).  And even if Defendants could rely on the belated rationales they have advanced in this litigation, such as grid safety and reliability, HEA 1420 would still fail strict scrutiny (as a matter of law) because those interests can readily be achieved through other, nondiscriminatory alternatives.  *See* Dkt.165 at 26-27; Dkt.70 at 19.

that the award process may begin as early as November 2025. *See* Dkt.166 ¶25. If HEA 1420 remains in force when the PJM Board approves new projects in Indiana—which will likely occur in the first quarter of 2026—then Plaintiffs will be barred from competing for those projects. *Id.* And other regional transmission projects are on the horizon in the MISO portions of Indiana, too— including LRTP Tranche 2.2, which "will develop more solutions to issues in the Midwest that were out of scope for Tranche 2.1." Dkt.167-23 at 3. Unless this Court enters a final judgment declaring HEA 1420 invalid before those forthcoming projects are approved, Incumbents will be assigned even more competition-free business, in blatant violation of the Commerce Clause.

Plaintiffs also face ongoing irreparable harm in the form of "a continuing constitutional violation." Dkt.70 at 20. Every day that HEA 1420 remains in effect makes it more difficult to undo unconstitutionally assigned projects and makes it more likely that new projects will be handed to Incumbents instead of being opened for competitive bidding. As courts of appeals and the United States have recognized in similar contexts, and common sense confirms, that comes at a significant cost to ordinary consumers—who will ultimately foot the bill for HEA 1420's protectionism through the regulated rates they pay for their electricity. *See* Dkt.165 at 29-30. It is thus not just irreparable harm to Plaintiffs that counsels denial of the present motion (though that is enough); Defendant's efforts to expand the stay beyond discovery also threaten the public interest. *See* Dkt.70 at 20-21.

## CONCLUSION

This Court should deny Defendants' motion for "clarification" and should direct Defendants to respond to Plaintiffs' motion for summary judgment within the timeframe allotted by Local Rule 56-1(b).

Respectfully submitted,

s/Erin E. Murphy

| | |
|---|---|
| TODD A. RICHARDSON | PAUL D. CLEMENT* |
| JAMES E. ZOCCOLA | ERIN E. MURPHY* |
| THOMAS JONES | MATTHEW D. ROWEN* |
| LEWIS KAPPES | JEFFREY C. THALHOFER* |
| One American Square | JOSEPH J. DEMOTT* |
| Suite 2500 | CLEMENT & MURPHY, PLLC |
| Indianapolis, IN 46282 | 706 Duke Street |
| (317) 639-1210 | Alexandria, VA 22314 |
| | (202) 742-8900 |
| | erin.murphy@clementmurphy.com |

\*Admitted pro hac vice

*Counsel for Plaintiffs*

August 14, 2025

12