## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LSP Transmission Holdings II, LLC, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> James F. Huston, Chairman, Indiana Utility Regulatory Commission, et al., <br><br> *Defendants,* <br><br> Northern Indiana Public Service Company, et al., <br><br> *Intervenor Defendants.* | Case No. 1:24-cv-01722-TWP-MKK |

## **DEFENDANTS' AND INTERVENOR DEFENDANTS' OPPOSED MOTION FOR EXTENSION OF TIME**

Defendants, in their official capacities, and Intervenor-Defendants, pursuant to Federal Rule of Civil Procedure 6(b), respectfully move for an extension of time up to and including October 31, 2025 to respond to Plaintiffs' Motion for Partial Summary Judgment, Dkt. 164. Under the case management plan, the parties' responses to Plaintiffs' motion for summary judgment and any cross-motions for summary judgment are due no sooner than October 3, 2025. And that deadline was predicated on the parties having conducted fact development and expert discovery over the preceding months—discovery that, pursuant to this Court's prior order, was indisputably stayed. Now, as explained further below, however, there is a dispute as to whether the deadline is stayed and what the applicable deadline is. Additionally, Defendants and Intervenor-Defendants need additional time to prepare any response to the motion for partial summary judgment.

Accordingly, in an abundance of caution, Defendants and Intervenor-Defendants seek a protective extension of time.

Currently, multiple motions to dismiss are pending before the Court. Defendants and Intervenor-Defendants each filed motions to dismiss for lack of jurisdiction on April 25, April 28, and April 29, 2025. Dkt. 139; Dkt. 143; Dkt. 145. Plaintiffs moved for and were granted an extension of time to file a consolidated brief in opposition, doing so fifty-six days later on June 20, 2025. Dkt. 150; Dkt. 154. Defendants and Intervenor-Defendants filed their respective replies seven days later, concluding briefing on the motions to dismiss on June 27, 2025. Dkt. 155; Dkt. 156; Dkt. 157.

Pending resolution of the motions to dismiss, the Court stayed "[a]ll discovery and related deadlines." Dkt. 153 at 8; Dkt. 147. Notwithstanding the stay, Plaintiffs filed a partial motion for summary judgment supported by a declaration and 29 exhibits. Dkt. 164. Defendants believe that no response to the motion is due because the Court stayed the applicable case management deadlines and accordingly have filed a motion for clarification. Dkt. 163. That motion was fully briefed as of August 21, 2025. The Court has not yet ruled on the motion for clarification. Granting Defendants' and Intervenor-Defendants' protective request for an extension of time would allow the Court to provide the requested clarification before the parties spend substantial additional resources preparing a response to the partial motion for summary judgment.

Even apart from the fact that the Court may soon clarify no response must be filed, good cause exists for granting an extension of time. Plaintiffs filed their motion for partial summary judgment on August 6, 2025, a month in advance of the deadline contemplated in the case management plan. Dkt. 122. Plaintiffs have indicated that they believe any response is due on September 3, 2025, Dkt. 172 at 11 (requesting the Court direct Defendants to respond in the time allotted

2

by Local Rule 56-1(b)), even though the case management plan states "Defendants shall file their responses and briefs in support of their cross motions for summary judgment by October 3, 2025." Dkt. 122 at 10. To the extent this Court denies the motion for clarification and holds that the deadline to respond to Plaintiffs' motion for partial summary judgment is not stayed pending resolution of the motions to dismiss, granting a protective extension of time to and including October 31, 2025 will provide certainty to the parties and avoid the need for the Court to address further any issues regarding the applicable deadline.

Finally, to prepare an adequate response to the partial motion for summary judgment, Defendants and Intervenor-Defendants need additional time. Counsel for Defendants and Intervenor-Defendants are heavily engaged with other matters.[1] Also, Defendants require an extension to

---

[1] For Defendants, this includes a Motion for Summary Judgment in *Anonymous Plaintiff 1 v. Individual Members of the Med. Licensing Bd. of Ind.*, No. 49D-1-2209-PL-031056 (Marion Sup. Ct.) on August 29, 2025 and a reply brief on October 17, 2025; a reply brief in support of a motion to intervene in Cause No. 02C01-2411-MI-000622 (Allen Cir. Ct.) on September 2, 2025; a brief in opposition in *Adams v. Arnold*, No. 25-31 (U.S.) due September 5, 2025; a hearing in Cause No. 15C01-2507-MI-000060 (Dearborn-Ohio Cir. Ct.) on September 3, 2025; an oral argument in *Planned Parenthood Great Northwest, Hawai'i, Indiana, & Kentucky v. Commissioner of the Ind. State Dep't of Health*, No. 24-2219 (7th Cir.) on September 9, 2025; a hearing in *Commissioner, Indiana Dep't of Environmental Management v. Marvel*, No. 26D01-2211-PL-001616 (Gibson Sup. Ct.) on September 10, 2025; a hearing in *Mason v. FSSA*, No. 15C01-2407-MI-000042 (Dearborn-Ohio Cir. Ct.) on September 22, 2025; ongoing discovery in *L.A. v. Braun*, No. 1:25-cv-00596 (S.D. Ind.); and briefing deadlines and hearings in two sealed cases. For Intervenor-Defendants Northern Indiana Public Service Company, Indianapolis Power & Light Company d/b/a AES Indiana, Southern Indiana Gas and Electric Company d/b/a CenterPoint Energy Indiana South, and Duke Energy Indiana, LLC, deadlines include a hearing on motions for reconsideration on August 28, 2025 in *Stone v. Vos*, Nos. 2024CV1029 – 1030 (Wis. Cir. Ct. Kenosha Cnty.), oral argument on September 8, 2025 in *Onondaga County v. New York*, No. APL-2025-00088 (N.Y.), a hearing on a motion for preliminary injunction in *Building Resilient Infrastructure & Developing Greater Equity, Inc. v. CFPB*, No. 8:25-cv-1367 (M.D. Fla.), a reply in support of motion for preliminary injunction due on September 12, 2025 in *Drake Plastics Ltd. Co. v. IRS*, No. 4:25-cv-02570 (S.D. Tex.), and a hearing on that same motion on September 26, 2025. For Intervenor-Defendant Commonwealth Edison of Indiana, Inc., deadlines include oral argument in *Association of American Universities v. Department of Defense*, No. 25-cv-11740 (D. Mass.) on September 4, 2025; an appellees' brief in an expedited D.C. Circuit appeal due September 12; and an expedited response

3

allow for the preparation of expert declarations that would support any response. Had the case proceeded under the schedule in the Case Management Plan, expert discovery would have occurred over the prior several months. But pursuant to this Court's order, all discovery and related deadlines were stayed. Dkt. 153. For that reason too, there is good cause for the extension sought here so that Defendants' may, if necessary, respond to Plaintiffs' motion.

Plaintiffs will not be prejudiced by an extension. Defendants and Intervenor-Defendants have not previously sought an extension of time. Counsel for Defendants have informed counsel for Plaintiffs of this request, and counsel for Plaintiffs object to the relief sought.

Respectfully submitted,

---

in *North Dakota Public Service Commission v. Midcontinent Independent System Operator, Inc.*, No. EL25-109 (FERC) on September 9, 2025, among others.

THEODORE E. ROKITA
Attorney General of Indiana

JAMES A. BARTA
Solicitor General

/s/ Bradley S. Davis
BRADLEY S. DAVIS
Deputy Attorney General
JENNA M. LORENCE
Deputy Solicitor General

Office of the Attorney General
IGC South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
(463) 261-6184
Jenna.Lorence@atg.in.gov

*Counsel for Defendants*

/s/ Zachary C. Shauf
Zachary C. Schauf (*pro hac vice*)
Arjun R. Ramamurti (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Ave. N.W. Suite 900
Washington, DC 20001
(202) 639-6000 (Telephone)
zschauf@jenner.com
aramamurti@jenner.com

Melissa Root
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350 (Telephone)
mroot@jenner.com

*Counsel for Commonwealth Edison Company of Indiana, Inc.*

/s/ Misha Tseytlin
MISHA TSEYTLIN
*Counsel of Record*
KEVIN M. LEROY
KAITLIN L. O'DONNELL
TROUTMAN PEPPER LOCKE LLP
111 South Wacker Drive
Suite 4100
Chicago, Illinois 60606
(608) 999-1240 (MT)
(312) 759-1938 (KL)
(302) 777-6541 (KO)
misha.tseytlin@troutman.com
kevin.leroy@troutman.com
kaitlin.odonnell@troutman.com

WILLIAM R. DERASMO
TROUTMAN PEPPER LOCKE LLP
401 9th Street, N.W.
Suite 1000
Washington, D.C. 20004
(202) 274.2886
william.derasmo@troutman.com

*Counsel for Northern Indiana Public Service Company, Indianapolis Power & Light Company d/b/a AES Indiana, Southern Indiana Gas and Electric Company d/b/a CenterPoint Energy Indiana South, and Duke Energy Indiana, LLC*