UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LSP TRANSMISSION HOLDINGS II, LLC, LS POWER MIDCONTINENT, LLC, CENTRAL TRANSMISSION, LLC, LS POWER GRID DRS HOLDINGS, LLC, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:24-cv-01722-TWP-MKK |
| CHAIRMAN JAMES F. HUSTON Indiana Utility Regulatory Commission, COMMISSIONER WESLEY R. BENNETT Indiana Utility Regulatory Commission, COMMISSIONER SARAH E. FREEMAN Indiana Utility Regulatory Commission, COMMISSIONER DAVID E. VELETA Indiana Utility Regulatory Commission, COMMISSIONER DAVID E. ZIEGNER Indiana Utility Regulatory Commission, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |
| NORTHERN INDIANA PUBLIC SERVICE COMPANY, INDIANAPOLIS POWER & LIGHT COMPANY d/b/a AES Indiana, SOUTHERN INDIANA GAS AND ELECTRIC COMPANY d/b/a CenterPoint Energy Indiana South, DUKE ENERGY INDIANA, LLC, COMMONWEALTH EDISON COMPANY OF INDIANA, INC., | ) ) ) ) ) ) ) ) ) ) ) | |
| Intervenor Defendants. | ) ) ) | |

## <u>ORDER</u>

This matter comes before the Court on Defendants' and Intervenor Defendants' Opposed Joint Motion, Dkt. [184]: (1) to extend the time to file cross-motions for summary judgment and to consolidate their supporting brief with one in opposition to Plaintiff's pending motion for partial summary judgment, or, alternatively, (2) to extend the time to file their cross-motions for summary judgment to October 31, 2025. Plaintiffs opposed the Motion on September 15, 2025. (Dkt. 185). On September 22, 2025, Defendants and Intervenor Defendants filed their joint reply. (Dkt. 186).

The case has a complicated history with respect to deadlines. On March 19, 2025, the undersigned stayed deadlines, noting Plaintiffs' deadline to appeal the Seventh Circuit's decision had yet to expire. (Dkt. 131). Shortly thereafter, Plaintiffs requested that the Court reconsider its stay order, stating they did not intend to appeal the Seventh Circuit's decision that they lacked standing for purposes of the preliminary injunction. (Dkt. 132 at 2-4). While Plaintiffs' motion for reconsideration was pending, Defendants and Intervenor Defendants subsequently filed Motions to Dismiss arguing the Court lacks Article III standing. (Dkts. 139, 143, 145). The undersigned then denied Plaintiffs' Motion to Reconsider Stay Order, noting that "[a] stay of discovery is often warranted when a party raises dispositive threshold issues, such as standing . . . ." (Dkt. 147). Plaintiffs objected and sought review by the District Judge. (Dkt. 152). On May 21, 2025, the Honorable Judge Tanya Walton Pratt overruled Plaintiffs' objection and directed

that "[a]ll discovery and related deadlines are STAYED pending resolution of the Defendants' Motions to Dismiss." (Dkt. 153 at 8).

On August 6, 2025, Plaintiffs filed a Motion for Partial Summary Judgment. (Dkt. 164). Meanwhile, Defendants and Intervenor Defendants filed a Joint Motion for Clarification and, later, a Joint Motion for Extension of Time. (Dkts. 163, 177). On August 27, 2025, Judge Pratt denied the motion for clarification, stating that "discovery is stayed, but all other case management deadlines—including briefing on dispositive motions—are not." (Dkt. 179 at 2). The Court extended Defendants and Intervenor Defendants' deadline to respond to Plaintiffs' Motion for Partial Summary Judgment to October 31, 2025. (*Id.*). The District Judge further directed Plaintiffs to file their reply in support of their summary judgment motion within 14 days of the response being served. (*Id.*).

Defendants and Intervenor Defendants now request an extension of their deadline to file cross-motions for summary judgment to October 31, 2025, and permission to file a combined brief in support of their motion for summary judgment and in opposition to Plaintiffs' pending partial summary judgment motion. Dkt. [184]. In their Motion, Defendants and Intervenor Defendants state that it was their "understanding that they would be entitled to file cross-motions for summary judgment following the now-stayed discovery period, as the original Case Management Order contemplated." (Dkt. 184 at 7). Acknowledging that the Court's direction in its August 27th Order could be read to mandate the filing of such motions by October 3rd, however, Defendants and Intervenor Defendants

3

"determined that judicial economy would be furthered by filing cross-motions for summary judgment on October 31, 2025." (*Id.* at 7-8). They request an extension of time until October 31st to permit them "to engage experts, prepare expert reports, [and] draft their cross-summary-judgment motions." (*Id.* at 9). Defendants' and Intervenor Defendants' Motion does *not* seek to postpone their cross-motions until after discovery concludes.

Plaintiffs oppose the defense Motion, arguing that any further delay in briefing "threatens serious prejudice to Plaintiffs." (Dkt. 185 at 5). Interestingly, Plaintiffs advocate for *delaying* defense cross-motions for summary judgment until after the Court resolves the pending motions to dismiss and motion for partial summary judgment. (*See id.* at 7 ("there is simply no good reason to brief a *third* set of dispositive motions while the first two sets remain pending"), 8 ("The most efficient (and fair) solution is to hold Defendants to their prior representation, finish briefing on Plaintiffs' summary-judgment motion, and defer any further motions or briefing until both sides' dispositive motions have been resolved.")). However, in their concluding paragraph, Plaintiffs appear to withdraw this proposal, stating that the Court "should deny Defendant's motion and instruct Defendants either (1) to file briefs in opposition to Plaintiffs' pending motion for partial summary judgment on October 31, *see* Dkt. 179; or, (2) that if they wish to file cross-motion for summary judgment, they must adhere to the deadlines set forth in the original case-management plan." (Dkt. 185 at 11).

4

In reply, Defendants and Intervenor Defendants argue that it was Plaintiffs who injected delay into the case by waiting five months to file their motion for partial summary judgment. (Dkt. 186 at 4-5). They also assert that Plaintiffs' claims of prejudice are overblown, and that the current schedule, even with the requested extension, "would not prevent this Court from entering final judgment before PJM decides to approve new projects." (Dkt. 186 at 3; *see also id.* at 4 ("Plaintiffs' concerns with PJM's plans provide no plausible basis to oppose the Joint Motion's *alternative* request." (emphasis in original)). As to Plaintiffs' suggestion to defer cross-motions until a later stage, Defendants and Intervenor Defendants merely state that "restoring this case to a combined cross-summary-judgment-motion schedule . . . is clearly better for judicial and litigant economy." (Dkt. 186 at 5-6).

Having been fully briefed on the issue by both parties, Defendants' and Intervenor Defendants' Motion is **GRANTED in part**. As noted above, Plaintiffs assert that further delay will seriously prejudice their economic interests. Defendants and Intervenor Defendants' argument minimizing Plaintiffs' concerns assumes an aggressive timeline for the Court but a prolonged timeline for PJM. (*See* Dkt. 186 at 3–4). Plaintiffs provide sufficient support for their prejudice argument, and the Court will direct briefing to proceed as expeditiously as possible with respect to Plaintiffs' pending Motion for Partial Summary Judgment.

5

As such, briefing on Plaintiffs' motion will proceed as presently scheduled:

| Brief | Deadline | Page Limit |
|---|---|---|
| Defendants' and Intervenor Defendants' response(s) in opposition to Plaintiffs' Motion for Partial Summary Judgment | October 31, 2025 | 30 pages |
| Plaintiffs' reply in support of their Motion for Partial Summary Judgment | November 14, 2025 | 15 pages |

The Court now turns to briefing for defense cross-motions. The Court finds Defendants and Intervenor-Defendants' position odd. They have advocated for the stay of discovery that is now in place, (*see* Dkt. 139), and acknowledge that their cross-motions will require expert discovery, (*see* Dkt. 184 at 9; Dkt. 186 at 3). Yet now they desire to plow ahead. Likewise, although Plaintiffs question the wisdom and practicality of this approach, *see supra*, they do not request that the Court postpone defense cross-motions or otherwise delay the briefing schedule. To the contrary, they request it commence on October 3rd. Having considered the parties' positions, the Court **ORDERS** briefing to proceed as follows:

| Brief | Deadline | Page Limit |
|---|---|---|
| Defendants and Intervenor Defendants' cross motion(s) for summary judgment | October 31, 2025 | 30 pages |
| Plaintiffs' response in opposition to Defendants' and Intervenor Defendants' cross-motion(s) | December 2, 2025 | 30 pages |
| Defendants' and Intervenor Defendants' reply in support of their cross motion(s) | December 15, 2025 | 15 pages |

In issuing this Order, the undersigned recognizes that this briefing schedule deviates from the Court's normal preferences. In the present case, however, the Court concludes this schedule best effectuates the parties' desire to advance the case.

In the event the parties continue struggling to agree on deadlines, they are encouraged to reach out to the undersigned and request a conference. As evident from the docket, written motions and orders have not always alleviated confusion. Conferences with the Court have the potential to resolve disputes of this nature in a more expeditious fashion.

So **ORDERED**.

Date: 09/29/2025

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via CM/ECF